IN RE ADOPTION OF MONICA HOOSE.

(Filed 29 February, 1956.)

1. **Adoption § 3—Instrument held sufficient as revocation of consent to adoption.**

Intervenors, husband and wife, who had adopted the child in question in Germany, executed an instrument consenting to the adoption of the child

by another couple, and all the parties agreed that such other couple should have the care, support and maintenance of the child. Less than two months thereafter intervenors filed in the Superior Court of the county in which the child was residing verified statement that they could not permit the adoption of the said child by anyone else, that they were desirous that the child be immediately returned to them, and requested the dismissal of the adoption proceedings theretofore instituted in the county by the second couple. *Held:* The instrument is sufficient to constitute a withdrawal of the consent of the intervenors to the adoption of the child.

**2. Same—**

Consent is essential to an order of adoption, G.S. 48-7, unless it has been established that the child has been abandoned. G.S. 48-5.

**3. Same—**

Abandonment of a child within the meaning of the statute obviating the necessity of consent of the child's parents to its adoption, G.S. 48-5, connotes a wilful abandonment within the meaning of G.S. 14-322 and G.S. 14-326.

**4. Same—**

Ordinarily the consent of the parents of a child to its adoption may be withdrawn or revoked within six months from the date it is given. G.S. 48-11.

**5. Same—**

The act of the adoptive parents of a child in entering into a contract consenting to the adoption of their minor child by another couple does not constitute constructive abandonment of the child so as to obviate the necessity of their consent to its adoption by such other couple. Therefore, when such consent is withdrawn within six months, the proceedings for adoption by such other couple should be dismissed upon motion.

Barnhill, C. J., dissents on the question of abandonment only.

Higgins, J., concurs in result.

Appeal by intervenors from *Morris, J.,* December Term, 1955, of Pasquotank.

Proceedings instituted by John R. Holefelder and wife, Myrna M. Holefelder, to adopt Monica Hoose, in which Major Clinton M. Hoose and wife, Dorothy V. Hoose, adoptive parents, intervened.

On 29 April, 1955, Major Hoose, 49 years of age, and his wife Dorothy, 45 years of age, adopted, in Germany, two children, a boy, eight years of age, and a girl, Monica, age 2 years and 9 months, the latter of whom is the subject of this proceeding. Major Hoose is in the Intelligence Division of the United States Army, then stationed in Germany, now at the Pentagon in Washington. Upon the return of this couple to the United States this adoption was approved and the entry of these two alien children likewise approved by the Immigration Department,

the Department of State and the Adjutant General's Department. The adoption in Germany was approved by the German Courts there and by the Adjutant General's Department of the United States Army. A certified copy of the adoption proceedings in German, and a translation, were filed as a part of the record with the lower court at the time of the institution of the adoption proceedings.

Shortly after Major and Mrs. Hoose returned to this country from Germany, Major Hoose returned to duty at the Pentagon and his family took up residence in Bethesda, Maryland. Mrs. Hoose was sick, having had a serious operation. The children made her nervous. They discussed the idea of permitting a younger couple to adopt one or possibly both of the children. The matter was taken up with the Welfare Department of Maryland. The Maryland authorities approved the adoption of the boy and recommended that if there was a possibility that Monica was to be adopted by someone else that both the children be adopted and separated at the same time.

On 24 August, 1955, Major and Mrs. Hoose entered into what is designated as a "Statement of Intent" with Lt. and Mrs. John R. Holefelder of Elizabeth City, North Carolina, wherein Major and Mrs. Hoose consented to the adoption of Monica Hoose by the Holefelders. The parties mutually agreed that all care, support and maintenance of the said Monica Hoose should be assumed from and after 24 August, 1955, by Lt. and·Mrs. Holefelder, notwithstanding the fact that Major and Mrs. Hoose were legally obligated to support the child by virtue of the fact they were the adoptive parents of the said child. Monica Hoose was turned over to Lt. and Mrs. Holefelder in Bethesda, Maryland, and brought to Elizabeth City, North Carolina, where she resided with them until the time of this hearing.

On 20 October, 1955, Lt. and Mrs. Holefelder, petitioners, filed this proceeding to adopt Monica Hoose in the Superior Court of Pasquotank County, filing the usual petition, and the usual consent, on the usual forms, executed by Major and Mrs. Hoose under date of 8 October, 1955. On the day of the filing, an order of reference was entered in the matter directing the Superintendent of Public Welfare of Pasquotank County to make the usual investigation required by statute to ascertain whether the child is a proper subject for adoption and to determine whether the proposed foster home is a suitable one for the child. No report of this investigation has ever been made; no interlocutory or other order entered.

According to the evidence, after Major and Mrs. Hoose had given their consent to the adoption of Monica Hoose by Lt. and Mrs. Holefelder, Mrs. Hoose discovered that her health had improved and the condition that had caused her nervousness had been corrected. There-

fore, on 27 November, 1955, Major and Mrs. Hoose requested the return of the child Monica, and on the next day filed a revocation and withdrawal of consent to the adoption of the child by the.Holefelders in the Superior Court of Pasquotank County, before the Clerk, and moved to dismiss the adoption proceedings. On 10 December, 1955, they filed a petition to intervene in the adoption proceedings and were allowed to do so.

The court held that Major and Mrs. Hoose did not willfully abandon Monica Hoose but by entering into a contract with the Holefelders for her support and adoption, such conduct constituted in law a constructive abandonment of said child.

It having been stipulated that the consent of the State Board of Public Welfare had not been obtained for the bringing of Monica Hoose into the State of North Carolina, as required by G.S. 110-50, the court awarded her custody to the Superintendent of Public Welfare of Pasquotank County. From the judgment entered, the intervenors excepted and appealed to this Court, assigning error.

*LeRoy & Goodwin for intervenors.*

*J. W. Jennette for petitioners.*

Denny, J. It is necessary to consider two questions in order to dispose of this appeal: (1) Is the instrument denominated "Revocation and Withdrawal of Consent, and Motion to Dismiss Adoption Proceedings," sufficient to constitute a withdrawal of the consent of Major and Mrs. Hoose to the adoption of Monica Hoose by Lt. and Mrs. Holefelder? (2) Did Major and Mrs. Hoose abandon their adopted child, Monica Hoose, within the meaning of our adoption statutes?

The appellants assign as error the finding of the Clerk and the affirmance thereof by the court below to the effect that a revocation of consent had not been properly filed by Clinton M. and Dorothy Hoose. The pertinent part of the instrument referred to above, verified and filed in the office of the Clerk of the Superior Court of Pasquotank County on 28 November, 1955, reads as follows: "That since the separation the undersigned have learned the extent to which they are attached to said child and are now definitely of the opinion that it will be impossible for them to permit the adoption of said child by someone else. That as the adoptive mother and father of said child the undersigned stand in the relation of parents, are highly desirous that said child be immediately returned to them and that this proceeding for adoption be dismissed and discontinued. Wherefore, the undersigned pray the court that the consent heretofore filed be revoked and stricken out; that an order be entered immediately returning the said child to

the undersigned as the rightful parents thereof; that this action be dismissed," etc.

While it is rather unusual that the appellants did not state plainly and unequivocally that they were withdrawing their consent to the adoption of Monica Hoose by the Holefelders, nevertheless, we think the instrument is sufficient to constitute the withdrawal of such consent. Consent is essential to an order of adoption, G.S. 48-7, unless it has been established that the child has been abandoned. G.S. 48-5; *Truelove v. Parker*, 191 N.C. 430, 143 S.E. 295; *In re Adoption of Doe*, 231 N.C. 1, 56 S.E. 2d 8. Consequently, in the absence of the consent of the adoptive parents, we hold that the court below is without jurisdiction to order the adoption of Monica Hoose unless Major and Mrs. Hoose, her adoptive parents, have abandoned such child within the meaning of our statutes.

G.S. 48-5 reads in pertinent part as follows:

"(a) In all cases where a court of competent jurisdiction has declared a child to be an abandoned child, the parent, parents, or guardian of the person, declared guilty of such abandonment shall not be necessary parties to any proceeding under this chapter nor shall their consent be required.

"(b) In the event that a court of competent jurisdiction has not heretofore declared the child to be an abandoned child, then on written notice of not less than ten days to the parent, parents, or guardian of the person, the court in the adoption proceeding is hereby authorized to determine whether an abandonment has taken place.

"(c) If the parent, parents, or guardian of the person deny that an abandonment has taken place, this issue of fact shall be determined as provided in G.S. 1-273, and if abandonment is determined, then the consent of the parent, parents, or guardian of the person shall not be required. Upon final determination of this issue of fact the proceeding shall be transferred back to the special proceedings docket for further action by the clerk."

Likewise, G.S. 48-2 defines the meaning of the word "abandoned" as follows: "(3) For the purpose of this chapter, an abandoned child shall be any child under the age of eighteen years who has been wilfully abandoned at least six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child."

The facts disclosed on this record conclusively refute any basis for a claim that Monica Hoose was abandoned for at least six months immediately preceding the institution of this proceeding, if indeed she has been abandoned at all.

Under our statute G.S. 48-7, except as provided in G.S. 48-5 and G.S. 48-6, before a child can be adopted, the written consent of the parents, or surviving parent or guardian of the person of the child must be obtained. Ordinarily, however, consent may be withdrawn or revoked within six months from the date it is given. G.S. 48-11.

Since the abandonment contemplated by our statute must be wilful in order to eliminate consent, *In re Adoption of Doe, supra; Ward v. Howard,* 217 N.C. 201, 7 S.E. 2d 625, and the court below having found as a fact that "Clinton M. and Dorothy V. Hoose have not wilfully abandoned such child," the motion to dismiss the adoption proceedings should have been allowed. Furthermore, the court's conclusion of law to the effect that the conduct of the intervenors by entering into the contract for the adoption of their minor child by the Holefelders constitutes constructive abandonment, will not support an adoption that must be bottomed upon willful abandonment in the absence of consent.

Wilfulness is as much an element of abandonment within the meaning of G.S. 48-2, as it is of the crime of abandonment. G.S. 14-322 and G.S. 14-326. *In re Adoption of Doe, supra; S. v. Falkner,* 182 N.C. 793, 108 S.E. 756.

The word "wilful" as used in criminal statutes was defined in *S. v. Whitaker,* 93 N.C. 590, by *Ashe, J.,* as follows: "The word wilful, used in a statute creating a criminal offense, means something more than an intention to do a thing. It implies the doing the act purposely and deliberately, indicating a purpose to do it without authority—careless whether he has the right or not—in violation of law, and it is this which makes the criminal intent without which one cannot be brought within the meaning of a criminal statute." This definition has been quoted with approval many times by this Court. See *S. v. Dickens,* 215 N.C. 303, 1 S.E. 2d 837, and cited cases.

Therefore, this proceeding will be remanded for disposition in accord with this opinion. The custody of the minor child, Monica Hoose, having been awarded to the Superintendent of Public Welfare of Pasquotank County, the interested parties, including the intervenors, may take such action with respect to the custody of the child as they may deem appropriate and in accordance with applicable law.

Error and remanded.

BARNHILL, C. J., dissents on the question of abandonment only.

HIGGINS, J., concurs in result.