IN THE MATTER OF: The Abandonment of BRADLEY JOEL STROUD, Minor

DORIS T. STROUD RIGBY, Plaintiff v. CLARENCE REID STROUD, Respond-
ENT

No. 7722SC1015

(Filed 17 October 1978)

**Parent and Child § 9.2— abandonment of child—insufficiency of evidence**

> Evidence was sufficient to support the trial court's conclusion that re-
> spondent had not willfully abandoned his child where such evidence tended to
> show that respondent had regularly paid the petitioner the sum of $75 every
> two weeks as child support from the date of their separation until the separa-
> tion agreement was reached by the parties; by the separation agreement, the
> respondent conveyed to the petitioner a 25 acre farm for the purpose of pro-
> viding for the maintenance and support of the child; and respondent made gifts
> to his child at Christmas and had made attempts to visit the child.

APPEAL by petitioner from *Rousseau, Judge.* Order entered 8
September 1977 in Superior Court, IREDELL County. Heard in the
Court of Appeals 20 September 1978.

The petitioner and the respondent obtained an absolute
divorce in 1974. The petitioner, Doris T. Stroud Rigby, initiated
this action in 1976 by the filing of a petition seeking a determina-
tion that the respondent, Clarence Reid Stroud, had abandoned
their minor son by failing to make support payments and failing
to exercise visitation privileges. By verified response, the re-
spondent denied abandoning his son. He asserted that he had paid
$75 in child support every two weeks between the time of the
separation of the parties in 1973 and their execution of a separa-
tion agreement in 1974. The respondent also asserted that he had
ceased paying support in accordance with the terms of the separa-
tion agreement whereby he had conveyed to the petitioner his
equity in a twenty-five acre poultry farm for the maintenance and
support of the child. The respondent further asserted that he had
made regular attempts to visit his son, made numerous requests
to have his son with him, and had given the child gifts regularly.
The trial court, hearing the case without a jury, made findings of
fact, concluded as a matter of law that the respondent had not
willfully abandoned the child and dismissed the petition. The peti-
tioner appealed.

*Homesley, Jones, Baines & Dixon, by Wallace W. Dixon, for the petitioner appellant.*

*Harris & Pressly, by Edwin A. Pressly, for the respondent appellee.*

MITCHELL, Judge.

The petitioner's appeal presents the single issue of whether the trial court correctly determined that the respondent had not abandoned his minor son. In this jurisdiction, by statutory definition, "an abandoned child shall be any child who has been willfully abandoned at least six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child." G.S. 48-2(3a). A child has been "willfully abandoned" within the meaning of the statute when the conduct of the abandoning parent over the six months period reveals a settled purpose and willful intent to forego all parental duties and obligations and to relinquish all parental claims to the child. *Pratt v. Bishop*, 257 N.C. 486, 503, 126 S.E. 2d 597, 609 (1962).

In attempting to determine whether the respondent had willfully abandoned his minor child, the trial court made certain findings of fact. The petitioner contends that these findings were not based upon evidence presented during the hearing before the trial court. In reviewing the order of the trial court, we have determined that some of the facts found were not supported by competent evidence. The remaining facts found by the trial court were, however, supported by competent evidence and were sufficient to support the trial court's conclusion that the respondent did not willfully abandon his child.

The trial court found, *inter alia*, that the respondent had regularly paid the petitioner the sum of $75 every two weeks as child support from the date of their separation until the separation agreement was reached by the parties. By the separation agreement, the respondent conveyed to the petitioner a twenty-five acre farm for the purpose of providing for the maintenance and support of the child. Additionally, the trial court found that the respondent made gifts to his child at Christmas and had made attempts to visit the child. These findings were supported by competent evidence and constituted a sufficient basis for the trial

court's conclusion of law that the respondent had not willfully abandoned his child.

The burden of proof was upon the petitioner to show that the respondent had willfully abandoned the child. *Pratt v. Bishop*, 257 N.C. 486, 126 S.E. 2d 597 (1962). The trial court concluded that the petitioner had failed to carry that burden. The conclusion of the trial court being supported by the findings of fact previously set forth, which were in turn supported by competent evidence introduced at the hearing, the order of the trial court dismissing the petition must be and is

Affirmed.

Judges MORRIS and ERWIN concur.