IN THE MATTER OF THE ADOPTION OF RANDALL PRESTON MAYNOR

No. 7816SC62

(Filed 21 November 1978)

**1. Adoption § 2.2— abandonment—father in prison—insufficiency of evidence**

In an adoption proceeding where petitioners alleged that the child's natural parents had abandoned him, evidence of respondent, the child's natural father, tending to show that he was not aware that the child had been placed in the custody of the Department of Social Services, that he was unable to locate his son, and that as a result of his imprisonment he was unable to make any payments to support the child was inconsistent with a willful intent to abandon his son.

**2. Adoption § 2.2— abandonment alleged—evidence of unfitness not considered**

Petitioners' contention in an adoption proceeding that the fact that respondent, the child's natural father, had committed the crime against nature, was found guilty and was incarcerated evinced a willful intent to forego any responsibility to the child was without merit, since evidence of respondent's commission of the crime might be relevant or determinative on the issue of whether a parent forfeited parental rights because of unfitness, but in this pro-

ceeding the pleadings presented only the issue of abandonment and that single issue was presented to the jury.

APPEAL by respondent, Randall Preston Courson, from *Lee, Judge.* Judgment entered 29 August 1977 in Superior Court ROBESON County. Heard in the Court of Appeals 19 October 1978.

On 30 January 1976, petitioners filed a petition seeking to adopt Randall Preston Maynor, alleging that the child's natural parents had abandoned him. The respondent, the child's natural father, was joined as a party by order dated 30 January 1976. The respondent filed an answer contesting the adoption and denying that he had willfully abandoned his child.

At trial, the petitioners testified that the child was placed in the custody of the Social Services Department between March and September of 1975, and that the child had lived with petitioners since September 1975. Respondent had contributed no money to support the child and did not write or communicate with the child while the child was in the custody of petitioners.

Respondent testified that he had lived with his wife and son until February 1975. Since that date he had been in prison serving an eight-to-ten-year sentence for a conviction of crime against nature. Until he was served with the petition in this case, he had thought that his son was living with his wife; that he had tried to contact his son and had written to the Social Services Department in Cumberland County to help locate his son but had received no answer; and that he was unable to earn any money as a result of his incarceration. Respondent was eligible for parole in May 1978.

Harold Sadler, an employee at the prison college, testified that the respondent was an honor prisoner and had spoken with Sadler about locating his son. Respondent's father also testified that respondent had made efforts to locate his son.

At trial the respondent moved for a directed verdict at the close of petitioner's evidence and at the close of all the evidence. Both motions were denied. The jury found that the respondent had abandoned the child and the court entered a judgment appointing the Superintendent of the Department of Social Services as guardian ad litem, granting him the authority to act in place of the respondent in giving or withholding consent to the adoption. From this judgment, respondent appeals.

---

*Seawell, Pollock, Fullenwider, Robbins & May by Bruce T. Cunningham, Jr. for respondent appellant.*

*Locklear, Chavis & Strickland by Horace Locklear for petitioner appellee.*

CLARK, Judge.

Respondent contends that the petitioners presented insufficient evidence of willful abandonment to withstand the respondent's motion for directed verdict.

G.S. 48-2(3a) provides:

> "For the purpose of this Chapter, an abandoned child shall be any child who has been willfully abandoned at least six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child. . . ."

"[A]bandonment imports any wilful or intentional conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." *Pratt v. Bishop*, 257 N.C. 486, 501, 126 S.E. 2d 597, 608 (1962). *See, In re Dinsmore*, 36 N.C. App. 720, 245 S.E. 2d 386 (1978).

[1] "Wilfulness is as much an element of abandonment within the meaning of G.S. § 48-2, as it is of the crime of abandonment." *In re Adoption of Hoose*, 243 N.C. 589, 594, 91 S.E. 2d 555, 558 (1956). The word "willful" means something more than an intention to do a thing. It implies doing the act *purposely* and *deliberately. State v. Whitener*, 93 N.C. 590 (1885). Manifestly, one does not act willfully in failing to make support payments if it has not been within his power to do so. *See, Lamm v. Lamm*, 229 N.C. 248, 49 S.E. 2d 403 (1948). A mere failure to provide support does not, in and of itself, constitute abandonment since explanations could be made which would be inconsistent with the willful intent to abandon. *Pratt, supra.* In the case *sub judice* the respondent's evidence tends to show that he was not aware that the child had been placed in the custody of the Department of Social Services, that he was unable to locate his son, and that as a result of his incarceration, he was unable to make any payments to support the child. Under the principles of *Pratt, supra*, the fact that the respondent was unable to locate his son and was unable

to make support payments as a result of his incarceration, is inconsistent with a willful intent to abandon his son.

[2]   Petitioners contend that the fact that respondent committed the felony of crime against nature, was found guilty and was incarcerated, evinces a willful intent to forego any responsibility to the child. We cannot agree. "[T]he termination of parental rights is a grave and drastic step." *In re Dinsmore, supra,* at 726, 245 S.E. 2d at 389. The legislature recognized this by requiring that the abandonment must be willful. The fact that a parent commits a crime which might result in incarceration is insufficient, standing alone, to show a "settled purpose to forego all parental duties." *Pratt, supra.*

The commission of a crime may be relevant, or even determinative, on the issue of whether a parent forfeits parental rights because of unfitness under the provisions of G.S. §§ 7A-289.32(2) and 278(4). But in the case *sub judice,* the pleadings presented only the issue of abandonment and that single issue was submitted to the jury. The record on appeal indicates that the victim of respondent's crime against nature was his daughter. We do not speculate upon the result if the pleadings had been cast to present the issue of unfitness. Nor do we speculate upon the right of the petitioners to proceed anew for the purpose of presenting the issue of respondent's unfitness.

In addition to the definition of "abandonment" contained in G.S. 48-2(3a), as clarified by case law, we find that G.S. 48-2(3b) contains another definition of abandonment applicable to those cases in which the parent places the child in the custody of the Department of Social Services. The statute provides as follows:

"[A]n abandoned child . . . shall be a child who has been placed in the care of a childcaring institution or foster home, and whose parent . . . has failed substantially and continuously for a period of more than six months to maintain contact with such child, and has willfully failed for such period to contribute adequate support to such child, although physically and financially able to do so. In order to find an abandonment under this subdivision, the court must find the foregoing and the court must also find that diligent but unsuccessful efforts have been made on the part of the institution or a child-placing agency to encourage the parent . . . to

strengthen the parental or custodial relationship to the child."

The petitioners presented no evidence that the Department of Social Services made any contact whatsoever with the respondent, and the trial judge failed to instruct the jury on this additional element of the definition of abandonment.

Since the evidence is not sufficient to support the verdict, the judgment is

Reversed and remanded.

Judges ARNOLD and ERWIN concur.