STATE OF NORTH CAROLINA v. JESSE HAMILTON McCOY

No. 34

(Filed 3 November 1981)

**Criminal Law §§ 143.13, 146.4— suspended sentence—motion for appropriate relief—right to appointed counsel at trial—suspended sentence not yet invoked—premature appeal**

Where defendant was convicted under G.S. 49-2 of willful refusal to support his illegitimate child and received a sentence of imprisonment suspended on the condition that he pay child support, defendant was arrested upon a warrant charging that he had failed to comply with the order for support, and

defendant thereafter filed a motion for appropriate relief on the ground that his constitutional right to appointed counsel at his trial had been denied, the trial court's denial of his motion for appropriate relief is not yet ripe for appellate review where the trial court has not determined whether defendant willfully failed to comply with the court's judgment and has not invoked the suspended sentence. If it is determined that defendant is in contempt as a result of which the suspended sentence is invoked, defendant may appeal as of right to the Court of Appeals to review that decision, and the court's ruling on his motion for appropriate relief is subject to review as part of that appeal. G.S. 15A-1422(c)(1).

ON certiorari to review the order of *Read, District Judge,* presiding at a Regular Session of the District Court of DURHAM County on 15 September 1980, said order having been entered on 12 November 1980.

The following numbered paragraphs reflect in chronological order the matters contained in the record before us in this case:

1. On 17 March 1978 defendant was arrested on a warrant charging him with the willful neglect and refusal to provide adequate support for Michael Bobbitt, his illegitimate child born to Cynthia Bobbitt on 9 November 1977, the warrant alleging that the refusal and neglect to provide adequate support for the child continued after due notice and demand made upon him on 24 February 1978 by the Department of Social Services, in violation of G.S. 49-2.

2. On 30 March 1978 defendant pled not guilty in district court before Judge J. M. Read, Jr., who found defendant guilty, found as a fact that defendant was the father of the child named in the warrant, ordered that defendant be imprisoned in jail in Durham County for four months, sentence suspended for three years on condition that defendant pay the costs, pay the sum of $20.00 per week to the clerk of superior court "for use and benefit of Department of Human Resources," first payment due 3 April 1978.

3. On 14 August 1980 defendant was arrested upon a warrant charging that he had failed to comply with the order for support "in that the sum of $2360.00 has become due, the defendant has paid the sum of $450.00 and is in arrears in the amount of $1910.00 as of the 30th day of June, 1980."

4. On 8 September 1980 defendant filed a motion for appropriate relief pursuant to G.S. 15A-1415 which reads in pertinent part as follows:

1. The Defendant is a 21 year old male and currently employed part-time as a plumber's helper in Durham, North Carolina.

2. On or about March 15, 1978, the Defendant was arrested on a warrant and charged with bastardy in that the Defendant did neglect and refuse to provide adequate support and maintain one Michael Bobbitt, his alleged illegitimate child born to Cynthia Bobbitt, on November 9, 1977, after due notice and demand have been made upon him by the Durham County Department of Social Services, in violation of N.C.G.S. Sec. 49-2.

3. The Defendant, Jessie McCoy, is informed and believes and upon such information and belief alleges that the said Cynthia Bobbitt has had sexual relations with a number of persons at or about the time that the warrant claims he fathered the said Michael Bobbitt, and further claims that the said Cynthia Bobbitt is the mother of three children, all of whom have been fathered by different persons.

4. On March 30, 1978, the Defendant, Jessie McCoy, appeared before the Honorable J. Milton Read, Jr., in Durham County District Court on the charges in the above-mentioned warrant. The Defendant was not advised at said Court hearing of his right to the assistance of counsel, nor was the Defendant at said time able to privately retain counsel to defend him in the action brought by the State of North Carolina. The Defendant pled not guilty to the charge and was found guilty, with the Court further finding as a fact that the Defendant was the father of the child named in the warrant.

5. The Defendant was sentenced to a term of imprisonment in the jail of Durham County for four months, suspended on the condition that he pay the costs of Court and $20.00 per week to the Clerk of Superior Court.

6. The Defendant Jessie McCoy, being unrepresented by counsel, was unable as an indigent layman at his trial in 1978 to properly raise and present to the trial Court good and sufficient defenses to the charges for which he now stands convicted.

7. Subsequent to his trial in 1978, Defendant has paid certain sums to the Clerk of Superior Court in accordance with the Judgment that was entered, however, the Defendant is in substantial arrears, said arrears being in excess of $2,000.00. The Defendant is currently employed as a part-time plumber, and makes approximately $38.00 per week. As a result of the Defendant's current employment, the terms of said suspension constitute an impossible burden and disability to the Defendant and that he currently does not earn sufficient money in his job, nor does he have any other resources, from which he can make the payments required on a continuing basis in order to avoid imprisonment.

WHEREFORE, Defendant prays the Court that this pleading be treated as a Motion for an Affidavit in Support of an Order for Appropriate Relief pursuant to N.C.G.S. Sec. 15A-1417 seeking a new trial on all of the charges on the following grounds:

1. Pursuant to the provisions of N.C.G.S. Sec. 15A-1415(b)(3) the conviction of the Defendant was obtained in violation of the Constitution of the United States in that the Defendant was not advised of his right to have counsel appointed to represent him on said charges, there being a likelihood that a sentence of imprisonment would be imposed, and in fact the sentence of imprisonment for four months, suspended on certain conditions, was in fact imposed in the said case, and that the Defendant was in fact an indigent and was unable to retain private counsel to assist him in his defense, all in violation of the Sixth Amendment to the Constitution of the United States; and

2. Pursuant to the provisions of N.C.G.S. Sec. 15A-1415(6), evidence is now available that was unavailable at the time Defendant was tried and convicted for the reason that Defendant at said time did not have an adequate understanding of the nature of the proceedings or the type of

evidence that he should present, as he was unrepresented by counsel.

Defendant prays that his Motion for Appropriate Relief be set for a hearing by the Honorable Judge presiding notwithstanding that ten (10) days since the entry of Judgment had elapsed in that the grounds asserted by the Defendant for the Motion for Appropriate Relief provide that same may be made at any time after entry of Judgment.

This the 8th day of September, 1980.

5. Judge Read heard defendant's motion for appropriate relief on 15 September 1980 at a Regular Session of the District Court in Durham County and on 12 November 1980 entered the following order:

This cause coming on to be heard and being heard before the undersigned presiding Judge J. Milton Read, Jr., at a regular session of Durham County District Criminal Court on the 15th day of September, 1980, and it appearing to the Court that the Defendant, by and through his attorney, has filed a verified Motion for Appropriate Relief pursuant to G.S. Sec. 15A-1415 wherein the Defendant seeks a new trial on charges of bastardy. G.S. Sec. 49-2, and the Defendant appearing in Court and being represented by Eugene F. Dauchert, Jr., and the State appearing in Court, and being represented by Assistant District Attorney Cecily P. Smith, and the Court having examined the file in this case, and having heard arguments of counsel in support of and in opposition to the Motion for Appropriate Relief, does make the following findings of fact:

1. Defendant was charged in a warrant issued the 15th day of March, 1978 with bastardy in that the Defendant did neglect and refuse to provide adequate support and maintain one Michael Bobbitt, an illegitimate child born to Cynthia Bobbitt on November 9, 1977, after due notice and demand had been made upon him by the Durham County Department of Social Services, in violation of G.S. Sec. 49-2.

2. On March 30, 1978, the Defendant, Jessie Hamilton McCoy, appeared before the Honorable J. Milton Read, Jr., in Durham County District Criminal Court on the charges in the

above warrant. Defendant was not advised at said Court hearing that he had a right to the assistance of counsel, and that the State would appoint an attorney to represent him. The Court at no time appointed an attorney or sought to obtain from the Defendant a waiver of his right to have an attorney appointed. Defendant has filed a verified Motion alleging that he was unable to privately retain counsel at the time of his trial on March 30, 1978. At the time of his trial on March 28, 1978, the Court made no attempt to ascertain whether or not the Defendant was indigent, and whether or not the Defendant had sufficent financial resources to be able to privately retain counsel to assist him in the defense of the action brought against him. That, however, the Defendant was charged with an offense (bastardy) in which active imprisonment, or a fine of $500.00 or more was not likely to be adjudged at the time of trial. That the customary practice of the court was to impose only a suspended sentence upon payment of child support for this offense as opposed to an active sentence.

3. The Defendant pled not guilty to the charge and after a trial was found guilty of bastardy with the Court further finding as a fact that the Defendant is the father of the child named in the warrant.

4. The following Judgment was entered:

'It is ordered that the Defendant: be imprisoned in the jail of Durham County for 4 months. With Defendant's consent, sentence is suspended for 3 years on condition(s); that he: (1) pay costs; (2) pay the sum of $20.00 per week to the Clerk of Superior Court for the use and benefit of Department of Human Resources. First payment due April 3, 1978.'

5. The Defendant at no time executed a written waiver of any right to the appointment of counsel, nor is there any such written waiver in the Court file.

6. That on July 25, 1980, the Defendant was ordered before the court for failure to pay child support as ordered herein and an attorney was appointed to represent him on August 18, 1980, because he was indigent and imprisonment

had become likely if the evidence showed the Defendant had wilfully or intentionally failed to obey the terms of the suspended sentence herein.

Based on the foregoing findings of fact, the Court makes the following conclusions of law:

1. The trial Court had no duty to inform the Defendant that he had a right to retain counsel or to have counsel appointed for him in the event that he was indigent, nor did the trial Court have any duty to make a determination as to whether or not the Defendant was indigent at the time of his trial, nor was the trial Court under any duty to obtain a knowing and intelligent waiver of any rights the Defendant had to the appointment of counsel in that it was not the practice of the Court or likely that the defendant would be imprisoned or fined in excess of $500.00 at the time of this trial if he was convicted at this trial, but that a suspended sentence upon payment of child support and cost would follow as opposed to an active sentence as contemplated by G.S. 7A-451(1).

2. The Judgment imposed by the trial Court after the Defendant's trial on March 30, 1978, does not constitute a sentence of imprisonment, but is in fact a suspended sentence as opposed to an active sentence and the Defendant was not entitled to have counsel appointed to represent him because the Defendant has never been imprisoned for bastardy, the offense with which he was charged and tried on March 30, 1978.

3. The Defendant is not entitled to a new trial on the grounds that evidence is available which was unknown or unavailable to the Defendant at the time of trial, which could not with due diligence have been discovered or made available at that time, and which has a direct and material bearing upon the guilt or innocence of the defendant, because the only ground that Defendant has alleged for relief under this section is that he was unable to adequately prepare a defense, because Defendant was not entitled to the assistance of counsel on the charges brought against him.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Defendant's Motion be denied.

This the 12 day of Nov., 1980.

6. On 12 November 1980, in open court, defendant gave notice of appeal pursuant to G.S. 15A-1422. No appeal was perfected.

7. On 26 January 1981 defendant petitioned the Court of Appeals for certiorari to review Judge Read's ruling and that petition was denied on 24 February 1981.

8. Thereafter, defendant petitioned this Court for certiorari to review the order of Judge Read, and we allowed the petition on 5 May 1981.

*Rufus L. Edmisten, Attorney General, by James W. Lea, III, Associate Attorney, for the State.*

*Eugene F. Dauchert, Jr., attorney for defendant appellant.*

HUSKINS, Justice.

Does an indigent defendant in an action under G.S. 49-2, who receives a sentence of imprisonment suspended on condition that he pay child support, have a constitutional right to appointed counsel? We decline to answer the question posed because it is not properly before us.

Being the father of an illegitimate child is no crime. The only prosecution authorized by Chapter 49 of the General Statutes is grounded on the willful neglect or refusal of any parent to support and maintain his or her illegitimate child—the paternity itself is no crime. *State v. Green,* 277 N.C. 188, 176 S.E. 2d 756 (1970). The question of paternity, although a preliminary requisite to conviction, is merely incidental to the prosecution for nonsupport. *State v. Robinson,* 236 N.C. 408, 72 S.E. 2d 857 (1952); *State v. Ellis,* 262 N.C. 446, 137 S.E. 2d 840 (1964). The father of an illegitimate child may be convicted of failure to support such child when, and only when, it is established beyond a reasonable doubt that such failure was willful, that is, without just cause, excuse or justification. The willfulness of the failure to support is an essential ingredient of the offense, must be charged in the warrant or bill of indictment and proven beyond a reasonable doubt. *State v. Robinson,* 245 N.C. 10, 95 S.E. 2d 126 (1956). Willfulness is not

presumed from a failure to support. *State v. Cook*, 207 N.C. 261, 176 S.E. 757 (1934).

The ruling of Judge Read on defendant's motion for appropriate relief is not yet ripe for appellate review because the trial court has not determined whether defendant has willfully failed to comply with the 30 March 1978 judgment and has not invoked the four-month suspended sentence. If defendant has not willfully failed to comply with said judgment, that ends the matter. Defendant may not be imprisoned or otherwise punished because he has not been found in contempt. If it be determined that he is in contempt as a result of which the suspended sentence is invoked, defendant may appeal as of right to the Court of Appeals to review that decision, and Judge Read's ruling on his motion for appropriate relief is subject to review as part of that appeal. G.S. 15A-1422(c)(1).

The case is remanded to the trial court for trial of the issue whether defendant has willfully failed to comply with the conditions upon which the four-month prison sentence was suspended and whether the suspended sentence should be invoked.

For the reasons stated, we conclude that certiorari was improvidently granted. The writ is vacated and the case remanded for further proceedings consistent with this opinion.

Remanded.