IN THE MATTER OF THE ADOPTION OF ANTIONETTE DIANE CLARK BY NEIL SIDNEY CLARK AND MARIE ANN PARSON CLARK v. LYNN LUSK JONES

No. 8328SC427

(Filed 3 April 1984)

**Parent and Child § 1.6— proceeding to terminate parental rights—insufficient evidence of abandonment**

In a proceeding to adopt a child, the trial court erred in finding that respondent "willfully abandoned" her child pursuant to G.S. 48-2(1)a where the court made no findings in support of its conclusion that respondent's failure to communicate with her child was willful, and where the record revealed that respondent introduced substantial evidence that her actions in not communicating with her daughter were coerced and not willful.

APPEAL by respondent from *Allen (C. Walter), Judge.* Order entered 17 January 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 8 March 1984.

This is an appeal by respondent from an order declaring her not to be a necessary party to proceedings instituted by petitioners Neil and Marie Clark to adopt Antionette Clark. The record discloses the following:

Respondent and Neil Clark are Antionette's biological parents. Following his divorce in 1977 from Ms. Jones, the respondent, Mr. Clark, obtained custody of Antionette, the only child of the marriage, now eleven years old. He later married petitioner Marie Clark. On 13 September 1982 petitioners instituted a special proceeding before the Clerk of Superior Court of Buncombe County, in which they sought to adopt Antionette. The following day Mr. and Mrs. Clark filed a petition in Superior Court, pursuant to N.C. Gen. Stat. Sec. 48-5, in which they sought an order declaring that respondent is not a necessary party to the adoption proceeding. Following an evidentiary hearing, the court made findings of fact that, except where quoted, are summarized as follows:

Following her divorce from Neil Clark in 1977, Ms. Jones frequently visited her child, with the exception of a lengthy period in 1978 during which respondent did not communicate with Antionette. In November 1979, Ms. Jones called petitioners and informed them that she was in Atlanta, Georgia. In January 1980, respondent again telephoned petitioners and spoke with her child. On 24 August 1982 respondent called petitioners and informed them of her plans to return to the area. With the exceptions of these telephone calls, respondent "made no other efforts to communicate with said child, nor visit with said child, nor in any manner attempted to communicate or visit." During the period of November 1979 to August 1982 petitioners had no knowledge of Ms. Jones' whereabouts. Petitioners' address did not change during this period, and their unlisted phone number was furnished to respondent's mother, with whom respondent had been in contact.

Based on these findings of fact the court concluded that respondent "has willfully abandoned the child," and entered an order declaring respondent "not a necessary party to this adoption proceeding." Respondent appealed.

---

---

*Riddle, Shackelford & Hyler, P.A., by John E. Shackelford, for petitioners, appellees.*

*Anderson & McDowall, P.A., by William D. McDowall, Jr., for respondent, appellant.*

HEDRICK, Judge.

Respondent assigns error to the court's conclusion of law that she "willfully abandoned" her child.

N.C. Gen. Stat. Sec. 48-2(1)a in pertinent part provides: "For the purpose of this Chapter, an 'abandoned child' shall be any child who has been willfully abandoned at least six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child." "A child has been 'willfully abandoned' within the meaning of the statute when the conduct of the abandoning parent over the six months period reveals a settled purpose and willful intent to forego all parental duties and obligations and to relinquish all parental claims to the child." *In re Stroud,* 38 N.C. App. 373, 374, 247 S.E. 2d 792, 793 (1978) (citing *Pratt v. Bishop,* 257 N.C. 486, 503, 126 S.E. 2d 597, 609 (1962) ). "The word 'willful' means something more than an intention to do a thing. It implies doing the act *purposely* and *deliberately.*" *In re Maynor,* 38 N.C. App. 724, 726, 248 S.E. 2d 875, 877 (1978) (emphasis original).

Our examination of the findings of fact made by the trial judge in the instant case reveals that the court made no findings in support of its conclusion that Ms. Jones' failure to communicate with Antionette was willful, as that term has been defined by our courts. While the court found as a fact that respondent made no attempt to communicate with her child during the critical six month period, this finding alone is insufficient support for the conclusion that her actions reflect "a settled purpose and willful intent . . . to relinquish all parental claims to the child." Because the court's findings of fact do not support its conclusion of law, the order declaring Ms. Jones to be not a necessary party to the adoption proceedings instituted by petitioners must be vacated.

Our conclusion in this matter is buttressed by an examination of the record, which reveals that Ms. Jones introduced substantial evidence that her actions in not communicating with her daughter

were coerced and not willful. Ms. Jones testified that she was married to a man who beat her and who threatened her child and other members of her family. She further testified that her repeated efforts to separate from her husband were unsuccessful, and that she was able to return safely to the area only after her husband was taken into custody by federal authorities in August 1982. Her testimony was corroborated by other witnesses. The court made no finding of fact regarding this largely uncontradicted evidence which was critical to the issue whether Ms. Jones *willfully* abandoned Antionette. Nor did the trial judge make any finding regarding the evidence that the respondent and Mr. Clark were negotiating an arrangement for the respondent to resume visitation at the time the petition was filed.

Our disposition of this case makes it unnecessary for us to discuss respondent's remaining assignments of error.

The order of the Superior Court entered on 17 January 1983 is

Vacated.

Judges WHICHARD and JOHNSON concur.