In re Morgan

---

IN THE MATTER OF TONYA KIM MORGAN, MINOR

No. 8419SC271

(Filed 4 December 1984)

**Parent and Child § 1.6— proceeding to terminate parental rights and for adoption —issue of fact as to willful abandonment**

In an action for adoption based on willful abandonment, summary judgment should not have been granted for petitioners where the forecast of evidence showed that respondent had not communicated with the child since 1979; that petitioner and respondent had fought almost constantly while married; that respondent had suffered numerous violent assaults from petitioner, her former husband; that she had been physically thrown out of the house by petitioner, who refused to let her take the child with her; that respondent had

consented to leaving the child with petitioner and his parents because of her upset emotional state and lack of family support; that respondent's visitations had been hindered by verbal abuse and a threat to kill her; that respondent had chosen to minimize contact with the child because the child was upset by the conflict; that respondent's attempts to contact the child and to pay support had been obstructed and refused; that respondent had kept informed of the progress of the child through other contacts in the community; and that respondent had remarried and hoped for an eventual reunion with her daughter. The forecast of evidence raised a genuine issue of material fact as to whether respondent's lack of contact with the child was willful. G.S. 1A-1, Rule 56(c).

APPEAL by respondent from *Helms, William H., Judge.* Judgment entered 26 October 1983 in ROWAN County Superior Court. Heard in the Court of Appeals 15 November 1984.

Petitioner Rickie Alexander Morgan and respondent Stephanie Morgan Vaughn are the natural parents of the minor child Tonya Morgan, born in 1975. Petitioner and respondent separated in 1977 and petitioner obtained custody of the child with visitation rights to respondent. Respondent's motion in the cause to change custody in October 1978 was denied. In January 1979 a final divorce was granted, continuing petitioner's custody of the child. Respondent moved away, first to Greensboro, then to Virginia and to Washington state. She remarried in 1980. Although respondent retained visitation rights she did not see or talk to the minor child after some time in 1979, and never paid any child support, although under no order to do so.

Petitioner married co-petitioner Pamela Laverne Earle Morgan in September 1981. In July 1982 petitioners filed a petition asking for the adoption of the child by Pamela Morgan. Petitioners alleged that respondent had abandoned the child, and that the adoption could therefore proceed without her consent. Petitioners further alleged that they could not locate respondent to effect service of process. A final order of adoption, based on respondent's wilful abandonment, was entered 15 September 1982. On 14 September 1983, upon respondent's appearance contesting the diligence and sufficiency of attempted service of process, the court declared its prior order void, and the matter was thereupon set for jury trial. Petitioners moved for summary judgment on the issue of abandonment on 23 September 1983, and the court granted the motion 26 October 1983. Respondent appealed.

*Mona Lisa Wallace for respondent.*

*No brief for petitioner.*

WELLS, Judge.

This appeal presents one question, the propriety of summary judgment on the issue of abandonment. "A motion for summary judgment is properly granted under N.C. Gen. Stat. § 1A-1, Rule 56(c) of the Rules of Civil Procedure 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.' *Lowe v. Bradford,* 305 N.C. 366, 289 S.E. 2d 363 (1982)." *Dumouchelle v. Duke University,* 69 N.C. App. 471, 317 S.E. 2d 100 (1984). When the controverted issue involves subjective intent, credibility becomes critical and summary judgment is generally inappropriate. *Johnson v. Insurance Co.,* 300 N.C. 247, 266 S.E. 2d 610 (1980) (fraudulent intent); *Cochran v. Piedmont Publishing Co.,* 62 N.C. App. 548, 302 S.E. 2d 903, *disc. rev. denied and appeal dismissed,* 309 N.C. 819, 310 S.E. 2d 348 (1983) (actual malice).

In order to prevail here, petitioners had to conclusively establish that respondent had "willfully abandoned" Tonya for at least six months preceding the action. N.C. Gen. Stat. §§ 48-5 and 48-2(1) (Supp. 1983). Simply showing abandonment would not suffice; the abandonment must be wilful. *In re Adoption of Hoose,* 243 N.C. 589, 91 S.E. 2d 555 (1956); *In re Maynor,* 38 N.C. App. 724, 248 S.E. 2d 875 (1978). Wilfulness requires some conscious choice purposely made, *Joyner v. Garrett, Comr. of Motor Vehicles,* 279 N.C. 226, 182 S.E. 2d 553, *reh. denied,* 279 N.C. 397, 183 S.E. 2d 241 (1971), or conduct without just cause, excuse, or justification. *State v. McCoy,* 304 N.C. 363, 283 S.E. 2d 788 (1981). Actions which are the product of coercion or duress are not wilful. *In re Clark v. Jones,* 67 N.C. App. 516, 313 S.E. 2d 284 (1984); *see also State v. Strickland,* 307 N.C. 274, 298 S.E. 2d 645 (1983); 94 C.J.S. *Willful* (1956). In *Clark,* we vacated an order which found that respondent mother had wilfully abandoned her child, where the trial court failed to address evidence that she had moved away because of the violent behavior of her husband. And in *Maynor* we overturned a jury's finding of wilful abandonment

where the father had been in prison, without knowledge of his son's whereabouts and without paying any support. Since the father had attempted to have relatives find the child, and since his imprisonment prevented payment of support, the evidence did not suffice to support a verdict of *wilful* abandonment.

In the present case, petitioners produced a forecast of evidence which tended to show that respondent had not communicated with Tonya since 1979 and had not furnished any support. Respondent's forecast of evidence tended to show the following: During the marriage petitioner Rickie Morgan and respondent fought almost constantly, and respondent suffered numerous violent assaults from her physically superior husband. She was physically thrown out of the house by Rickie Morgan, who refused to let her take Tonya with her. Because of her upset emotional state and lack of family support, respondent then consented to leaving Tonya with petitioner and his parents. The Morgans hindered respondent's visitations, abusing her verbally and on one occasion threatening to kill her. This conflict upset Tonya and respondent consciously chose to minimize contact with Tonya to avoid disturbing her. Respondent tried to contact Tonya and offered to pay support, but these attempts were obstructed and refused by the Morgans. Respondent remarried in 1980 and settled in Washington, working steadily at her husband's wholesale company. She continued to desire and hope for an eventual reunion with her daughter, and kept informed of her progress through other contacts in the community.

This forecast of evidence raises a genuine issue of material fact as to whether respondent's lack of contact with Tonya was compelled by the petitioners' behavior and was because of concern for the well-being of Tonya and for her own physical safety; and whether any decision by respondent to avoid contact with Tonya was the product of petitioners' abusive and coercive behavior and thus not wilful. *In re Clark, supra; In re Maynor, supra.* Summary judgment was, therefore, improvidently granted.

Reversed.

Judges ARNOLD and BECTON concur.