CALABRIA, Judge.
This appeal arises from a 12 June 2003 order of the Mecklenburg County District Court terminating the parental rights of Reginald Anthony Falice ("respondent") with respect to S.A.F. We affirm the trial court's order.
S.A.F. was born 29 September 1996 to Ruth Naomi Croston ("Ruth") and respondent. S.A.F. resided with Ruth and respondent in Georgia until approximately 1 April 1998 when he and Ruth relocated to Charlotte, North Carolina, to reside with his maternal grandmother ("grandmother"). On 21 April 1998, respondent went to the grandmother's residence, confronted Ruth, shot, and killed her. The respondent was arrested the same day and has been continuously incarcerated since that time. After a jury trial, on 13 July 1999, respondent was convicted in federal court of interstate domesticviolence resulting in bodily injury and death as well as using or carrying a firearm during and in relation to murder. In the summer of 2000, respondent was sentenced to life in federal prison, without the possibility of parole. The U.S. Fourth Circuit Court of Appeals upheld the conviction and sentence.
Brenda D. Croston ("petitioner") is Ruth's sister. Prior to Ruth's murder, the petitioner resided in New York. Approximately six weeks after Ruth's burial, petitioner moved from New York to help care for S.A.F. in the grandmother's home in Charlotte. The grandmother died in March of 2000, and since that time, petitioner has maintained a residence in Charlotte and provided care for S.A.F.
After respondent's arrest, he sent two written communications to S.A.F. The first, in September 1998, was a birthday card to S.A.F. signed "from Mommy and Daddy." The second, sent in September 1999, was another birthday card with a symbol drawn on the front that in petitioner's opinion closely resembled a "bull's-eye." Petitioner submitted this last card to the U.S. Attorney's Office and requested that respondent be asked to send no further communications. Respondent's next communication with S.A.F. was in November of 2002, after the 15 October 2002 filing of the petition for termination. Also, at various times respondent earned up to forty dollars a month working in prison but never sent any of his earnings to petitioner or S.A.F. for S.A.F.'s care.
Respondent asserts that there was not clear, cogent, and convincing evidence to establish any of the three grounds, underN.C. Gen. Stat. § 7B-1111(a) (2003), upon which the trial court terminated respondent's parental rights. We disagree.
This Court should affirm a trial court's order in a termination proceeding "where the [trial] court's findings of fact are based upon clear, cogent and convincing evidence and the findings support the conclusions of law." In re Allred, 122 N.C. App. 561, 565, 471 S.E.2d 84, 86 (1996). "'[C]lear, cogent, and convincing' describe[s] . . . [an] intermediate [evidentiary] standard [that] is greater than the preponderance of the evidence standard required in most civil cases, but not as stringent as the requirement of proof beyond a reasonable doubt required in criminal cases." In re Montgomery, 311 N.C. 101, 109-10, 316 S.E.2d 246, 252 (1984).
Under N.C. Gen. Stat. § 7B-1111(a), "[t]he court may terminate [a person's] parental rights upon a finding of one or more of [nine listed grounds]." If any one of the grounds listed by the trial court in the termination order "is supported by findings of fact based on clear, cogent and convincing evidence, the order appealed from should be affirmed." In re Moore, 306 N.C. 394, 404, 293 S.E.2d 127, 133 (1982). The trial court based the termination order, sub judice, on N.C. Gen. Stat. §§ 7B-1111(a)(1) (abuse or neglect), (a)(6) (incapability to provide proper care and supervision), and (a)(7) (willful abandonment). In pertinent part, N.C. Gen. Stat. § 7B-1111(a)(7) states that parental rights may be terminated when "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding thefiling of the petition [for termination]. . . ." "[A]bandonment is the willful neglect or refusal to provide parental care and support including the withholding of love and affection as well as financial support and maintenance." In re Williamson, 91 N.C. App. 668, 675, 373 S.E.2d 317, 320 (1988). "The word `willful' means something more than an intention to do a thing. It implies doing the act purposely and deliberately." In re Maynor, 38 N.C. App. 724, 726, 248 S.E.2d 875, 877 (1978).
The trial court found and the evidence in the record clearly reflects that from September 1999 until November 2002 respondent did not communicate with S.A.F. Respondent argues that petitioner, through the U.S. Attorney's Office, denied him the ability to communicate with S.A.F. However, we note respondent could and did communicate with S.A.F. after the petition for termination of his parental rights was filed. Moreover, the trial court found and the record clearly reflects that, although respondent had earned up to forty dollars a month working in prison, he failed to provide any financial support for S.A.F., not even a token amount. See In re Bradshaw, 160 N.C. App. 677, 682, 587 S.E.2d 83, 87 (2003) (finding an indication of neglect where "respondent [earned] a small income in prison [but] failed to provide any financial aid to petitioner in support of the minor child"). Respondent's failure to communicate with S.A.F. for over three years prior to the filing of the petition and failure to send petitioner even token amounts of financial support shows a purpose to abandon all contact and care for S.A.F. Accordingly, we hold that the trial court's findings offact are supported by clear, cogent, and convincing evidence and find no error in the trial court's conclusion to terminate the respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(7). Having so held, we need not address respondent's assignments of error concerning the remaining two grounds for termination.
Respondent asserts that he was prejudiced by the trial court's failure to hold a special hearing as required under N.C. Gen. Stat. § 7B-1108(b) (2003). We disagree.
In pertinent part, N.C. Gen. Stat. § 7B-1108(b) states:
If an answer or response denies any material allegation of the petition or motion [for termination], . . . [t]he court shall conduct a special hearing after notice of not less than 10 days nor more than 30 days given by the petitioner or movant to the respondent who answered or responded, and the guardian ad litem for the juvenile to determine the issues raised by the petition and answer or motion and response.
Respondent argues a special court hearing would have given him some "notice that the Petitioner would contend incarceration was an incapability [under N.C. Gen. Stat. § 7B-1111(a)(6)][,] . . . [and] it would be important to identify this issue at the [special] hearing so [he] would have adequate notice of how to prepare to defend this matter." As discussed above, the trial court appropriately terminated respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(7). Moreover, respondent does not argue he was prejudiced with respect to this ground, and we can find no prejudice to respondent due to the trial court's failure to hold a special hearing with respect to this ground. Respondent finally asserts that the trial court erred, first, by allowing petitioner to testify as to the events surrounding respondent's murder of Ruth and, second, by making findings of fact based on her testimony. The trial court's contested findings of fact dealt with respondent having shot Ruth on 21 April 1998, consequently facing federal charges for interstate domestic violence and interstate transport of weapons, receiving life without parole in 2000 for these crimes, and having his sentence upheld by the U.S. Fourth Circuit Court of Appeals. Respondent's testimony also supported these findings of fact. Thus, assuming arguendo the trial court erred in allowing petitioner's testimony, respondent was not prejudiced. Accordingly, we hold any error that may have occurred by allowing petitioner's testimony was not prejudicial to respondent.
Affirmed.
Judge LEVINSON concurs.
Judge WYNN concurs in the result only.
Report per Rule 30(e).