STATE OF NORTH CAROLINA v. RICHARD WILLIAM ACCOR
— AND —
STATE OF NORTH CAROLINA v. WILLARD MOORE

No. 26

(Filed 13 May 1970)

**1. Criminal Law § 160— correction of court minutes — patent error — remand**

Criminal action is remanded to the superior court for correction of patent errors appearing on the face of the official minutes, where (1) the minute entries are in irreconcilable conflict with respect to the verdicts against the defendants and (2) the minute entries show that fourteen jurors were selected, sworn and empanelled but the entries are silent as to when the alternate jurors were excused.

**2. Criminal Law § 160— correction of minutes — superior court**

The correction of the official minutes of the superior court must be made in the superior court.

APPEAL by defendants from *May, Special Judge,* May 26, 1969 Session of GASTON Superior Court, docketed and argued as No. 55 at Fall Term 1969.

Defendants were tried upon the following bill of indictment, *viz.:*

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Richard William Accor and Willard Moore late of the County of Gaston on the 4th day of March, 1969, about the hour of 2:15 AM in the night of the same day, with force and arms, at and in the county aforesaid, the dwelling house of one Mr. and Mrs. Witt Martin, 1609 Jackson Road,. Gastonia, North Carolina, there situate, and then and there actually occupied by Mr. and Mrs. Witt Martin, James Martin, Elizabeth Martin Carson feloniously and burglariously did break and enter, with intent, the goods and chattels of the said Mr. and Mrs. Witt Martin, James Martin, Elizabeth Martin Carson in the said dwelling house then and there being, then and there feloniously and burglariously to steal, take and carry away clothing, goods, and other personal property of Mr. and. Mrs. Witt Martin, James Martin and Elizabeth Martin Carson against the peace and dignity of the State."

At trial, each defendant was represented by court-appointed counsel, defendant Moore by Steve Dolley, Esq., of the Gaston Bar, and defendant Accor· by Tim L. Harris, Esq., of the Gaston Bar.

Evidence was offered by the State and by each defendant.

·After the verdicts, judgments and appeal entries referred to below, the court was advised that private counsel had been retained to

represent defendants. Thereupon, in accordance with their motions, the court entered orders allowing Messrs. Dolley and Harris to withdraw as counsel for the respective defendants.

The record on appeal is voluminous, containing 482 mimeographed and single-spaced pages. Multiple questions are raised by the assignments of error and by the appellants' brief.

The record certified to this Court shows, as the official minute entries in the office of the Clerk of the Superior Court of Gaston County in respect of the verdicts, the following:

*"JURORS — VERDICT (Accor)*

"The defendant pleads Not Guilty, whereupon the following jurors were selected, sworn, and empanelled in the above entitled case:

| | |
|---|---|
| 1. William R. Dameron | 7. Elmer D. Thomas |
| 2. Basil E. Ballard | 8. William L. Spears |
| 3. Ralph J. Harrison | 9. Rufus G. Hardin |
| 4. Gilmer E. Saunders | 10. Mildred H. Oates |
| 5. Roger W. Yates | 11. R. T. Beam |
| 6. Alene O. Holloway | 12. Earsel F. Liggon |
| | 13. James P. Bigham |
| | 14. Walter A. Rials |

(a) At the close of the State's evidence, the court orders a verdict of Not Guilty.

(b) At the close of the State's evidence, the defendant pleads Guilty.

(c) The jury heretofore sworn and empanelled to try the issue for their verdict say that the defendant is *Found* Guilty, of the charge of First Degree Burglary.

"This the 11th day of June, 1969.

/s/ Patricia M. Leigh
Deputy Clerk Superior Court.

*"JURORS — VERDICT (Moore)*

"The defendant pleads Not Guilty, whereupon the following jurors were selected, sworn, and empanelled in the above entitled case: William R. Dameron and 13 others, as named above.

(a) At the close of the State's evidence, the court orders a verdict of not guilty.

(b) At the close of the State's evidence, the defendant pleads Guilty.

(c)   The jury heretofore sworn and empanelled to try the issue for their verdict say that the defendant is *Found* Guilty, of the charge of First Degree Burglary.

"This the 11th day of June, 1969.

/s/ Patricia M. Leigh
Deputy Clerk Superior Court."

The record before us shows that the official minute entries in the office of the Clerk of the Superior Court of Gaston County contain, *as to each defendant,* the following record in respect of the plea, verdict, judgment and commitment.

"In open court, the defendant appeared for trial upon the charge or charges of First Degree Burglary and thereupon entered a plea of Not Guilty.

"Having been found guilty of the offense of Burglary in the First Degree with recommendation that the punishment be imprisonment for life in the State's Prison, which is a violation of G.S. 14-51 and of the grade of felony.

"It is ADJUDGED that the defendant be imprisoned for the term of his natural life in the State's Prison in Raleigh, N. C.

"It is ORDERED that the Clerk deliver two certified copies of this judgment and Commitment to the Sheriff or other qualified officer and that said officer cause the defendant to be delivered, with such copies as commitment authority, to the appropriate official of the State Department of Correction."

Notice of appeal was given by each defendant.

*Attorney General Morgan, Deputy Attorney General Moody and Assistant Attorney General Harrell for the State.*

*Chambers, Stein, Ferguson & Lanning by J. LeVone Chambers for defendant appellants.*

BOBBITT, C.J.

[1]   Decision of the questions raised by defendants' assignments of error and discussed in their brief must be deferred until the patent error appearing on the face of the official minutes has been corrected by appropriate proceedings.

In respect of the verdicts as recorded in the official minutes, the portions designated (a), (b) and (c) are in irreconcilable conflict. Obviously, these minute entries were made within the framework of

STATE *v.* ACCOR AND STATE *v.* MOORE

a form which, if used as intended, contemplated that in any case where a verdict of guilty was returned the portions designated (a) and (b) would be stricken. Moreover the portion designated (c) shows the jury found defendant "Guilty of the charge of First Degree Burglary," but does not show the jury recommended that the punishment be imprisonment for life in the State's prison.

The case on appeal contains a statement of the proceedings when the verdicts were taken. It sets forth that, as to each defendant, the verdict as announced by the foreman of the jury was that each defendant "is guilty of burglary in the first degree with recommendation that the punishment be imprisonment for life in the State's prison . . ." Too, it shows that, as to each defendant, the jury was polled and each juror then agreed and assented to that verdict.

Moreover, as stated in the quoted official minutes, fourteen jurors were selected, sworn and empanelled. This is in accord with what is set forth in the case on appeal. The case on appeal indicates the alternate jurors were not on the jury when the verdicts were returned and the jurors were polled. However, both the official minutes and the case on appeal are silent as to when the alternate jurors were excused.

[2] The official minutes must be corrected to speak the truth in respect of the verdicts and in respect of when the alternate jurors, James P. Bigham and Walter A. Rials, were excused. The corrections of the official minutes of the superior court must be made in the superior court. *State v. Old,* 271 N.C. 341, 156 S.E. 2d 756, and cases cited.

The following from the opinion of Higgins, J., in *State v. Old, supra,* is equally applicable to the present factual situation: "(I)t becomes the duty of this Court, under its supervisory power, to remand the action to the Superior Court with directions that notice be given to counsel and parties, and after hearing, to certify any corrections necessary to make the record conform to the facts. In a criminal case, the solicitor should be given notice as well as defense counsel, and the defendant should be before the Court. It is the duty of the Superior Court to correct its own records in the manner pointed out by this Court in *State v. Cannon, supra* (244 N.C. 399, 94 S.E. 2d 339), and *State v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262."

The use of the form here involved in making minute entries has resulted in serious and recurring errors. The pitfalls are so great, the use of this form should be discontinued.

The action is remanded to the superior court for correction of the official minutes. As soon as made, the corrections shall be certi-

fied to this Court and attached to and made a part of the record on appeal.

Remanded for correction of superior court records.