STATE OF NORTH CAROLINA v. LARRY JAMES HUNTLEY

No. 7226SC319

(Filed 26 April 1972)

1. Constitutional Law § 32; Criminal Law § 145.1— condition of probation — reimbursement of State for court-appointed counsel

A condition of probation requiring defendant to reimburse the State for the cost of court-appointed counsel does not infringe defendant's constitutional right to counsel.

2. Criminal Law § 145.1— revocation of probation — insufficiency of findings

Revocation of defendant's probation is vacated and the proceeding is remanded for failure of the court to make findings of fact sufficient to support its conclusion that defendant's failure to make the payments set out in the probation judgment was willful or without lawful excuse.

APPEAL by defendant from *McLean, Judge,* 15 November 1971 Session of Superior Court held in MECKLENBURG County.

"That he pay into the Office of the Clerk of Superior Court of Mecklenburg County the sum of $500.00 in manner as follows: the sum of $25.00 on or before the 4th day of October, 1971, and a like amount on or before each Monday thereafter until the total amount is paid in full. That

State v. Huntley

out of the monies ordered to be paid in under the fore-going judgment, the Clerk of Superior Court shall deduct the cost of the action, which shall include attorney fee of $400.00, and remit the balance to the school fund as pro-vided by law."

On 19 November 1971, after a hearing, Judge McLean made the following pertinent findings:

"2. That the defendant has wilfully violated the terms and conditions of the Probation Judgment as hereinafter set out:

(a) * * * Since being placed on probation, he has failed and refused to keep his payments up to date and as of November 1, 1971, he was in arrears in said payments in the amount of $125.00. His failure and refusal to make payments into the Clerk's Office as ordered by the Court is in violation of the special condition of probation. . . ."

From an order revoking defendant's probation and acti-vating the suspended sentence, the defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Ann Reed for the State.*

*Lila Bellar for defendant appellant.*

HEDRICK, Judge.

[1] In his brief defendant's counsel asserts: "The court may not lawfully require an indigent defendant to reimburse the State for counsel fees paid on his behalf." Citing *In Re Allen,* 78 Cal. Rptr. 207, 455 P. 2d 143 (1969), the defendant contends that a probation condition requiring him to reimburse the State for the cost of his court-appointed counsel is an infringement on his constitutional right to counsel. In a similar case, *State v. Foust,* 13 N.C. App. 382, 185 S.E. 2d 718 (1972), this Court rejected the same contention and held as a condition of probation an indigent defendant could be required to reimburse the State for fees paid his court-appointed counsel.

[2] Although we find the conditions defendant is charged with having violated to be valid, the proceeding must be remanded for the court did not make findings of fact sufficient to sup-port its conclusion that the defendant's failure to make the

payments set out in the probation judgment was willful or without lawful excuse. The court merely concluded that the defendant had willfully violated his probation condition by not making the payments and that he was in arrears $125. In *State v. Foust, supra,* the Court said: "* * * Has he had the financial ability to comply with the judgment at any time since he became obligated to pay? If not, has his continued inability to pay resulted from a lack of reasonable effort on his part or from conditions over which he had no control? These are essential questions which must be answered by appropriate findings of fact before the court can determine whether defendant's failure to comply was willful or without lawful excuse."

The judgment activating the sentence is vacated and the proceeding is remanded for further hearing in order that the judge may determine, by appropriate findings of fact, whether the failure of defendant to make the required payments was willful or without lawful excuse. The judge's findings of fact should be definite and not mere conclusions. *State v. Foust, supra; State v. Caudle,* 7 N.C. App. 276, 172 S.E. 2d 231 (rev'd on other grounds, 276 N.C. 550, 173 S.E. 2d 778) ; *State v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376 (1958).

Vacated and remanded.

Judges BROCK and VAUGHN concur.