State v. Russell

---

---

STATE OF NORTH CAROLINA v. HARRY WOODROW RUSSELL

No. 7226SC422

(Filed 12 July 1972)

1. Criminal Law § 106— nonsuit — consideration and sufficiency of evidence

    Upon motion to nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, and nonsuit should be denied where there is sufficient evidence, direct, circumstantial, or both, from which the jury could find that the offense charged has been committed and that defendant committed it.

2. Arson § 4— felonious burning — sufficiency of evidence

    The State's evidence was sufficient to be submitted to the jury in a prosecution for the felonious burning of a building.

APPEAL by defendant from *Snepp, Judge,* 31 January 1972 Session of Superior Court held in MECKLENBURG County.

Defendant was charged in two bills of indictment, proper in form, with (1) felonious breaking and entering and felonious larceny, and (2) felonious burning of a building. The charges were consolidated for trial and defendant entered a plea of not guilty to each charge.

The evidence presented by the State tended to show, among other things, the following: Michael G. Plumides, attorney for C'est Bon, Inc., was present in the building occupied by the C'est Bon Club at approximately 1:30 or 2:00 a.m. on 30 May 1971. At that time, Mr. Plumides and the manager of the club checked the building to make sure no one was still inside and then secured and locked the premises. At 5:06 a.m. on 30 May 1971, an alarm was turned in to the Charlotte Fire Department concerning a fire at the C'est Bon Club. At 6:15 a.m. on the same morning, Captain J. R. Thomas, a fire investigator with the Charlotte Fire Department, arrived at the club and described the building as a total loss.

Donald M. Freeman testified that on the night of 29 May 1971 he went by defendant's place of employment, the Jolly Oil Company, and picked defendant up when he got off of work. The two rode around Charlotte for some time and at approximately 2:00 or 3:00 a.m., 30 May 1971, they rode by the C'est Bon Club but did not stop. Freeman and defendant then returned to the Jolly Oil Company where defendant secured a five gallon can of gas, which he placed in the trunk of the car. The pair then drove back to the C'est Bon Club and parked in the rear of the building. Defendant got out of the car, climbed through a rear window of the building, opened the front door of the club, and came around and got Freeman. The two men then re-entered the building and Freeman assisted defendant in removing from the premises a guitar, some camera equipment, and several eight-track tapes, which they placed in the car. Freeman also opened the cigarette machine and removed the change. After storing the items in the car, defendant removed the gas can from the trunk and he and Freeman went back into the club, whereupon defendant proceeded to pour gasoline around the interior of the building. Freeman asked defendant why he was going to burn the building and defendant said that, ". . . Joel wanted it burned." Freeman returned to

the car as defendant was spreading the gas. Defendant came out shortly thereafter and said, "Let's get the hell out of here." Defendant and Freeman took the stolen articles to Freeman's house and returned later to the C'est Bon Club where they observed the Charlotte Fire Department fighting the blaze. At this time defendant make a remark to Freeman to the effect that this would, ". . . probably make Joel happy."

Defendant offered no evidence. The jury returned verdicts of guilty. Judgments were entered sentencing defendant to two active concurrent prison terms of seven years. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Burley B. Mitchell, Jr., for the State.*

*W. Herbert Brown, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant's only assignment of error relates to the charge of feloniously burning a building. He contends that it was error for the trial court to deny his motion for a dimissal and directed verdict of not guilty made at the close of the State's evidence and renewed at the close of all the evidence. Defendant argues that the State failed to produce substantial evidence of all the material elements of the felonious burning charge, and therefore his motion should have been granted.

[1] Motions to dismiss, for a directed verdict of not guilty, or as of nonsuit are used interchangeably in criminal prosecutions. *State v. Clanton,* 278 N.C. 502, 180 S.E. 2d 5. "Motion to nonsuit requires the trial court to consider the evidence in its light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom. [Citations omitted.] Regardless of whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged has been committed and that defendant committed it, the motion to nonsuit should be overruled." *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469. See also, *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49; *State v. Moore,* 262 N.C. 431, 137 S.E. 2d 812.

[2] Considering the evidence in this case in light of the foregoing, we hold that it was substantial as to all the material ele-

ments of the crime charged, and therefore, the trial court correctly denied defendant's motion and submitted the case to the jury.

No error.

Judges PARKER and GRAHAM concur.