STATE OF NORTH CAROLINA v. JEFF DEMENT

No. 799SC297

(Filed 3 July 1979)

1. **Constitutional Law § 44— counsel appointed two hours before hearing—time to prepare**

    Defendant was not prejudiced where the trial court required his counsel to represent him in a probation revocation hearing only two hours after the appointment of counsel by the court.

2. **Criminal Law §§ 143.9, 143.10— violation of probation conditions—employment —court costs**

    Evidence was sufficient to support the trial court's findings and conclusions that defendant violated the conditions of his probation by failing to pay court costs and by failing to remain gainfully employed.

APPEAL by defendant from *Smith (David I.), Judge*. Judgment entered 5 December 1978 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 14 June 1979.

The defendant entered a plea of guilty to misdemeanor larceny on 4 May 1978 and was sentenced to imprisonment for a term of two years. This sentence was suspended upon the conditions, among others, that the defendant remain gainfully employed or in full-time school status and pay court costs including $5 per day for time served in the Franklin County Jail. A violation report was filed against the defendant on 29 November 1978 and received by him on 30 November 1978. It was alleged in that report that the defendant had not made any payments toward the court costs and had been fired from his job for repeatedly failing to appear for work. The case was called for hearing, and an attorney was appointed to represent the defendant and instructed to be ready for a hearing in two hours. At the hearing, the State presented the defendant's probation officer who testified that the defendant had not remained employed and had not made any payments toward court costs. The defendant presented no evidence. The trial court found that the defendant had violated the conditions of his probation by not making the required payments and by failing to remain employed. The trial court then revoked suspension of the sentence previously imposed and sentenced the defendant to imprisonment for a term of two years. The defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Conrad B. Sturges, Jr., for defendant appellant.*

MITCHELL, Judge.

[1]  The defendant assigns as error the action of the trial court in requiring his counsel to represent him in the probation revocation hearing only two hours after the appointment of counsel by the court. Neither the defendant nor his attorney requested that the court grant additional time to prepare a defense. Nothing in the record suggests that the defendant's attorney did not have ample time to prepare any defense the defendant may have had. Therefore, this assignment of error is overruled. *See State v. Woody,* 271 N.C. 544, 157 S.E. 2d 108 (1967).

[2]  The defendant next assigns as error the findings of fact and conclusions of law by the trial court and contends that they were not supported by the evidence. Sufficient evidence was presented in the verified and uncontradicted violation report served upon the defendant to support the trial court's findings and conclusions. *State v. Duncan,* 270 N.C. 241, 154 S.E. 2d 53 (1967). Additionally, the uncontradicted testimony of the defendant's probation officer was sufficient to support the findings and conclusions. This assignment of error is overruled.

The judgment of the trial court is free from reversible error and is

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.