STATE OF NORTH CAROLINA v. GINA SELLARS

No. 823SC764

(Filed 5 April 1983)

**Criminal Law § 143.10— probation revocation hearing—inability to comply with probation order—necessity for findings by trial court**

An order revoking defendant's probation for failure to pay a fine, court costs and restitution at a rate of $100 per month and for failure to advise the probation officer of changes in residence is vacated, and the cause is remanded for a new hearing, where defendant offered evidence tending to show that she was unable to comply with the conditions of her probation because of repeated hospitalizations for mental and physical health problems throughout the period in question, and the trial court's findings of fact merely restated the allegations of the violation report without clearly showing that the court had considered and evaluated defendant's evidence of a legal excuse for her failure to comply with the conditions of probation.

APPEAL by defendant from *Winberry, Judge.* Order entered 24 February 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 20 January 1983.

On 29 July 1981 the defendant, Gina Sellars, was given a sentence of not less than two years and not more than three years in the Superior Court of Craven County for the offense of forgery. That sentence was suspended and the defendant was placed on supervised probation for a period of three years. When the defendant was placed on probation she was ordered to pay into the court sums of money totalling $1300 for fines, costs and restitution. A plan was established for the defendant which required payment of $100 per month until the full balance was paid. On 3 December 1981 and 17 February 1982 violation reports were issued by S. Kim Latham, defendant's probation officer, alleging that defendant was in arrears and that defendant had changed

her place of residence without the prior permission of the probation officer. Upon the warrant for arrest issued in February, the defendant was brought into court for a violation hearing on 24 February 1982.

At the violation hearing, the State presented evidence showing that as conditions of defendant's probation she was to (1) report to her probation officer as directed; (2) advise the officer of any changes in residence; and (3) pay a total amount of $1300 into the office of the Clerk of Superior Court of Craven County. On direct examination, her probation officer, Ms. Latham, testified that defendant had made only one payment of $100; had changed her residence to a place unknown, without notice; and had failed to report to a scheduled meeting with her on 26 October 1981.

On cross-examination Ms. Latham stated that sometime shortly after being placed on probation defendant informed her that her trailer had burned and that she had received a letter from defendant on 20 November 1981. In the letter defendant said that she had tried to call several times but that Ms. Latham was not in. Defendant also informed her that she couldn't pay $100 because she was in the hospital, but that she would catch up with her payments at the end of the month. The balance of Ms. Latham's testimony on cross-examination concerned defendant's medical history including the names of the hospitals and dates of her hospitalizations at each one. The testimony indicated that during the period of time she was on probation, defendant spent more than one-half of the time in various hospitals receiving treatment and therapy for both physical and mental problems.

Ms. Sellars testified in detail as to her whereabouts during the period of her probation. Her testimony indicates that she suffered from a number of physical and mental problems which have been treated extensively in many area hospitals. In addition, she experienced a number of personal problems including the loss of her older son in October, 1981. She received permission from Ms. Latham to travel to Missouri for the funeral and was to return by 23 October. After this trip she was in and out of hospitals in Greenville, New Bern, and Chapel Hill, North Carolina and Halifax, North Carolina.

At the conclusion of the hearing, the court entered an order revoking defendant's probation. The order contains findings with

respect to defendant's conviction and sentencing and made the following entry with respect to her violations.

. . . The defendant was instructed to report to the probation officer on October 26, 1981, which she failed to do and has failed and refused to report in since that date. Upon information believed to be true, the defendant has changed her place of residence to whereabouts unknown to this officer. This being in violation of the above-stated conditions of probation.

. . . A pay plan was established by the probation officer at the rate of $100.00 per month beginning September 31, 1981. The defendant has made one payment in the amount of $100.00 on September 29, 1981, leaving a balance owing of $1235.00, with an arrearage of $400.00 as of February 17, 1982. This failure to pay monies as ordered is in violation of the above-stated conditions of probation.

From the order of the trial court revoking her probation, defendant has appealed.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Office of the Public Defender, by William F. Ward, III, for defendant appellant.*

JOHNSON, Judge.

The issue presented for review in this case is whether the trial judge made proper findings with respect to whether the defendant has violated, without lawful excuse, a valid condition upon which her sentence was suspended.

In a probation revocation hearing, our Courts have continuously held that a suspended sentence may not be activated for failure to comply with a term of probation unless the defendant's failure to comply is willful or without lawful excuse. *State v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376 (1958); *State v. Huntley,* 14 N.C. App. 236, 188 S.E. 2d 30 (1972); *State v. Foust,* 13 N.C. App. 382, 185 S.E. 2d 718 (1971). The mere finding of fact by the trial judge that the defendant had failed to comply, and that the fact of noncompliance required revocation of probation is insufficient to support the judgment putting the suspended sentence into effect. *State v. Robinson, supra* at 287, 103 S.E. 2d at 380.

Following *Robinson*, this Court has required the presiding judge to make findings of fact which are definite and not mere conclusions. *State v. Huntley, supra; State v. Foust, supra.* In *State v. Young*, 21 N.C. App. 316, 204 S.E. 2d 185 (1974) the burden was placed on the defendant to go forward with evidence as to whether his failure to meet the conditions of sentence suspension was without lawful excuse. This Court stated that once the defendant goes forward with evidence demonstrating his inability to meet the condition of probation, he is entitled to have his evidence considered and evaluated. Further, that upon review, mere conclusions will not support a revocation of probation for the reason that it will not be "clear whether the trial judge proceeded under an erroneous assumption that the fact of failure to comply required revocation of probation, or whether he considered defendant's evidence and found that defendant had offered no evidence worthy of belief to justify a finding of a legal excuse for failure to comply with the judgment." 21 N.C. App. at 321, 204 S.E. 2d at 188. *Accord State v. Smith*, 43 N.C. App. 727, 259 S.E. 2d 805 (1979). In *Smith* this Court made a final refinement upon the findings of fact requirement by stating, "the defendant is entitled to have the trial judge make findings of fact which will clearly show that he has considered and evaluated [the defendant's] evidence." 43 N.C. App. at 732, 259 S.E. 2d at 808.

In the case under review, the defendant offered evidence which tended to show that she was financially unable to comply with the judgment due to her repeated hospitalizations for mental and physical health problems throughout the period in question. This evidence also tended to establish defendant's excuse for noncompliance with the other conditions of her probation. The trial judge's purported "findings of fact" merely restate the allegations of the violation report without demonstrating the judge's evaluation of the uncontradicted evidence of the defendant as to her health problems and her extensive stays in various hospitals.

Following *Young* and *Smith* the defendant is entitled to have the trial judge make findings of fact which will *clearly* show that he *has considered and evaluated* the evidence. The order under review fails to do this.

The order revoking the probation is vacated and the cause is remanded for a new hearing on the violation report.

New hearing.

Judges HEDRICK and EAGLES concur.