STATE OF NORTH CAROLINA v. JULIUS WAYNE WHITE, DEFENDANT

No. COA97-421

(Filed 17 March 1998)

1. **Criminal Law § 1526 (NCI4th Rev.)— probation condition—avoiding "presence" of children—not unconstitutionally vague**

A modified condition of probation that prohibits defendant sex offender from being in the "presence" of any child under the age of sixteen was not unconstitutionally vague.

2. **Judges, Justices, and Magistrates § 27 (NCI4th)— probation revocation—recusal not required**

The trial judge did not err in failing to recuse himself from defendant's probation revocation proceeding based on bias because he had imposed a probation modification that defendant challenged as unconstitutional.

3. **Criminal Law § 1569 (NCI4th Rev.)— probation violation— motion to continue—no abuse of discretion**

The trial court did not abuse its discretion in denying defendant's motion to continue his probation revocation hearing where defendant's counsel was appointed three days before the hearing and defendant's request for a continuance was based on his fail-

ure to subpoena a witness that he erroneously believed the State would call to testify.

**4. Criminal Law § 1586 (NCI4th Rev.)— probation—presence of child—revocation**

Defendant sex offender willfully violated a condition of his probation prohibiting defendant from being in the presence of any child under the age of sixteen where defendant was a passenger in his own car driven by his niece; another person called defendant's ten-year-old stepson to come over to the car; and defendant did not leave or take any other action to avoid being in the stepson's presence.

**5. Criminal Law § 1574 (NCI4th Rev.)— probation revocation—letter—Department of Social Services—sexual offenses—no charges**

In a hearing for revocation of probation, it was not error for the trial court to consider letters from the Department of Social Services and a guardian ad litem regarding defendant's sexual offenses against a child where no criminal charges had been filed.

**6. Constitutional Law § 369 (NCI4th)— probation violation— sentence activation—not cruel and unusual punishment**

The activation of a ten-year sentence for attempted first-degree sexual offense and two attempted first-degree rapes based on defendant's violation of a condition of his probation prohibiting him from being in the presence of a child under the age of sixteen did not constitute cruel and unusual punishment where the trial court reduced defendant's original sentence of twenty years to ten years. U.S. Const. amend. VIII.

Judge WYNN dissenting.

Appeal by defendant from judgment entered 10 October 1996 by Judge J.B. Allen, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 27 January 1998.

In this criminal case, defendant was accused of violating his probation by being "in the presence of any child, male or female, under the age of 16 years, at any time." On 10 October 1996, the trial court held that defendant had violated his probation and activated defendant's sentence but reduced his active sentence from twenty years to ten years in prison. Defendant appeals.

STATE v. WHITE

[129 N.C. App. 52 (1998)]

On 16 March 1988, defendant was sentenced to twenty years in prison upon conviction of two counts of attempted first degree rape and one count of first degree sexual offense. Defendant's sentence was suspended and he was placed on supervised probation for five years. On 9 September 1993, Judge Allen changed defendant's probation to intensive supervision because of a probation violation.

On 12 January 1994, the Alamance County Department of Social Services substantiated a finding of sexual abuse of Isaac Spencer, defendant's stepson. At the hearing upon a motion to modify the conditions of the defendant's probation for good cause without a charge of violation on 7 April 1994, the trial court reviewed a report from Mary Gratch-Adams, District Administrator of the Guardian Ad Litem program, which disclosed, among other things, that the defendant had sexually abused Isaac Spencer. As a result, Judge Allen again modified defendant's probation. Before the modification, Special Condition of Probation #3 stated "[t]he defendant shall not be in the presence of Geneva Tabon, Lakisha Glover, and Kenneth White, or any female under the age of 16 years, at any time." Judge Allen modified condition #3 to read: "[t]he defendant, Julius White, shall not be in the presence of any child, male or female, under the age of 16 years, at any time."

On 24 June 1996, Terry Dameron, defendant's probation officer, filed a violation report alleging that defendant had violated his probation by failing to report to his probation officer nine different times. On 12 July 1996 Judge Allen entered an order continuing defendant on probation with the proviso that "Subject continued on probation, pay $150.00 Attorney's Fees. If he violates probation in any way, get Judge J.B. Allen, Jr. to issue warrant for arrest." On 1 October 1996, ten days before defendant was scheduled to be taken off probation, probation officer Terry Dameron filed the probation violation report at issue here. The defendant was alleged to have violated Special Condition #3 by being in the presence of Isaac Spencer, his ten year old stepson.

An attorney was appointed for defendant on 7 October 1996 and the revocation hearing was held 10 October 1996. Evidence at the hearing showed that defendant was married to Linda Spencer, and Isaac Spencer was his stepson. On 14 September 1996, Isaac Spencer was visiting his aunt, Brenda Farrish. Isaac, then ten years old, was outside in the front yard playing football with some relatives, all of whom were under the age of sixteen. Defendant's nineteen year old niece, Nicole, accompanied by defendant drove into Bob Mason's

driveway. Bob Mason is Brenda Farrish's next-door neighbor. While defendant was not driving the car, his attorney referred to the vehicle as defendant's car. Mr. Mason called Isaac over to the car in which defendant was sitting. Defendant made no comment. Isaac walked to the passenger side car door. Mr. Mason asked Isaac if he knew "this fellow." Defendant stated: "Of course he does. He is my own." Isaac then returned to playing football in the yard. Defendant left the car and visited his aunt, Ms. Farrish, in her home for about thirty minutes. As he was leaving his aunt's home, he said "Bye" to the children playing football.

The trial court concluded that defendant had violated Special Condition #3 by being in the presence of a child under the age of sixteen and revoked defendant's probation. The trial court activated defendant's sentence but reduced his active sentence from twenty years to ten years in prison. Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Bruce S. Ambrose, for the State.*

*Daniel H. Monroe for defendant-appellant.*

EAGLES, Judge.

[1] We first consider whether the trial court erred in denying defendant's pre-trial motion to dismiss the probation violation report. Defendant argues that the modification made by Judge Allen that prohibits the defendant from being in the "presence" of any child under the age of sixteen was unconstitutionally vague and violates the Fourteenth Amendment of the United States Constitution and Art. 1 of the North Carolina Constitution. We disagree.

We hold that in this context the term "presence" is not unconstitutionally vague. First, G.S. 15A-1343(b2)(3) requires special conditions for sex offenders and persons convicted of sexual abuse of a minor including "[n]ot communicating with, be in the presence of, or found in or on the premises of the victim of the offense." In addition, other arguably more vague conditions have been upheld by our Supreme Court. For example in *State v. Hewett*, a special condition requiring a probationer to "avoid injurious or vicious habits" was held not to be unconstitutionally vague. 270 N.C. 348, 356, 154 S.E.2d 476, 482 (1967). The term "presence" is arguably more precise than "injurious or vicious habit." Accordingly, we hold that "presence" is not unconstitutionally vague. This assignment of error is overruled.

**[2]** We next consider whether the trial court erred in failing to recuse himself from the revocation proceeding. The defendant argues that Judge Allen should have recused himself based on his bias because he was the judge who imposed the sentence modification that the defendant challenged as unconstitutional. We disagree.

The burden is upon the movant to "demonstrate objectively that grounds for disqualification actually exist. Such a showing must consist of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially." *State v. Monserrate*, 125 N.C. App. 22, 32, 479 S.E.2d 494, 501 (1997) (quoting *State v. Honaker*, 111 N.C. App. 216, 219, 431 S.E.2d 869, 871 (1993)), *disc. review denied*, 345 N.C. 645, 483 S.E.2d 716 (1997). The Code of Judicial Conduct does not require a judge to recuse himself in a probation revocation hearing when the judge has obtained knowledge of the facts of the case from previous judicial proceedings. *Id.* at 33, 479 S.E.2d at 501. Accordingly, this assignment of error is also overruled.

**[3]** We next consider whether the trial court erred when it denied defendant's motion to continue the probation violation hearing made at the beginning of the 10 October 1996 probation violation hearing. Defendant argues that counsel was appointed only three days before the hearing, counsel had inadequate time to prepare and the requested continuance should have been granted. Finding no abuse of discretion, we disagree.

A trial judge's decision as to whether to continue a probation hearing is discretionary and may be reversed only upon a showing of an abuse of discretion. *State v. Hewett*, 270 N.C. 348, 354, 154 S.E.2d 476, 481 (1967). The defendant argued that he needed more time so he could subpoena Mr. Mason, an eyewitness in the case against the defendant. At the hearing, the defense counsel stated: "We had thought, erroneously, that the State, having the burden of proof, would have Mr. Mason here to testify." However, the State argued that Mr. Mason's testimony would not add anything to the proceeding because there is "nothing about this incident that's going to be in controversy factually." After argument the trial court denied the requested continuance. On this record we discern no abuse of discretion. This assignment of error is overruled.

**[4]** We next consider whether the trial court erred in denying the defendant's motion to dismiss the probation violation proceeding made at the close of the State's evidence and at the end of all the evi-

dence. The defendant argues that remaining as a passenger in a parked car while a child comes to the vicinity of the car not at the probationer's invitation or calling out "Bye" to children thirty feet away as you leave cannot be construed as being in the "presence" of a child. Defendant argues that the State cannot prove that the defendant was "willfully" in the presence of the child which is required by the statute. We disagree.

A motion to dismiss requires a judge to consider the evidence in the light most favorable to the State, and to give the State the benefit of every reasonable inference that could be drawn from the evidence. *State v. Russell*, 15 N.C. App. 277, 279, 189 S.E.2d 800, 802 (1972).

In a probation revocation hearing, our Courts have continuously held that a suspended sentence may not be activated for failure to comply with a term of probation unless the defendant's failure to comply is willful or without lawful excuse. *State v. Robinson*, 248 N.C. 282, 103 S.E.2d 376 (1958); *State v. Huntley*, 14 N.C. App. 236, 188 S.E.2d 30 (1972); *State v. Foust*, 13 N.C. App. 382, 185 S.E.2d 718 (1971). The mere finding of fact by the trial judge that the defendant had failed to comply, and that the fact of noncompliance required revocation of probation is insufficient to support the judgment putting the suspended sentence into effect. *State v. Robinson, supra*, 248 N.C. at 287, 103 S.E.2d at 380.

*State v. Sellars*, 61 N.C. App. 558, 560, 301 S.E.2d 105, 106 (1983).

Here, the evidence shows that the encounter with Isaac took place while defendant was a passenger in his own car driven by his nineteen year old niece. Because the car was the defendant's and defendant was being driven around by his nineteen year old niece, the court could properly conclude that the car was controlled by defendant. Though defendant himself did not call Isaac, when Mr. Mason called Isaac to come over, defendant did not leave or act to prevent being in Isaac's presence. Defendant participated in a brief conversation in Isaac's presence at the car after Isaac came up. Though the encounter was not initiated by the defendant, defendant did remain and converse while Isaac was present. When defendant and his niece drove into the driveway, he saw Isaac and several other children under the age of sixteen in the yard playing football. When Mr. Mason called Isaac over to the car, defendant had a duty and obligation to comply with his probation conditions and immediately leave the premises. Because the defendant did not leave the premises immediately or take another action to avoid being in Isaac's presence in

accordance with his probation conditions, the defendant's failure to comply with the probation conditions was willful. Accordingly, this assignment of error is overruled.

**[5]** We next consider whether the trial court improperly considered a letter from the Department of Social Services and a letter from Mary Gratch-Adams, District Administrator of the Guardian Ad Litem program, both of which discussed defendant's sexual offenses against Isaac Spencer. Defendant argues that the trial court should not have been influenced by prior acts which did not result in criminal charges ever being filed. We disagree.

The trial court is not bound by strict rules of evidence in probation hearings and the probation violation alleged need not be proven beyond a reasonable doubt. *State v. Tozzi*, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). All that is required is that the evidence be sufficient to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation. *Id.* Because formal rules of evidence do not apply at a probation revocation hearing, a probation officer's written report of a probation violation is admissible in evidence. *Id.; State v. Dement*, 42 N.C. App. 254, 255, 255 S.E.2d 793, 794 (1979). There is no basis to treat letters addressed to the court from DSS or a guardian ad litem which address the defendant's violation of a probation condition differently from a probation officer's violation report. Accordingly, this assignment of error is overruled.

**[6]** Finally we consider whether the revocation of defendant's probation constituted a violation of his Eighth Amendment constitutional guarantee against cruel and unusual punishment. The defendant argues that activating a ten year sentence based on these facts constitutes cruel and unusual punishment. We disagree.

If "the punishment imposed does not exceed the limits fixed by statute, it cannot be considered cruel and unusual in a constitutional sense." *State v. Cleaves*, 4 N.C. App. 506, 508, 166 S.E.2d 861, 862 (1969). Defendant's sentence, as modified, was imposed to punish his convictions for offenses including an attempted first degree sexual offense and two attempted first degree rapes. The punishment was awarded for his misconduct and was suspended upon certain specified conditions. His violation of the conditions triggered activation of his sentence. In the order activating the sentence, the trial court reduced defendant's sentence from 20 years to 10 years incarceration. Accordingly, we hold that his sentence does not violate the Eighth

Amendment constitutional guarantee against cruel and unusual punishment. This assignment of error is overruled.

Affirmed.

Judge WALKER concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

In upholding the trial court's denial of defendant's motion to dismiss the probation violation proceeding at the close of the State's evidence and at the end of all evidence, the majority concludes that "[b]ecause the defendant did not leave the premises immediately or take another action to avoid being in Isaac's presence in accordance with his probation conditions, the defendant's failure to comply with the probation conditions was willful." Because I do not agree that the facts of this case justify a conclusion that defendant was "willfully" in the presence of Isaac at the time of his alleged violation, I respectfully dissent.

As noted by the majority, "a suspended sentence may not be activated for failure to comply with a term of probation unless the defendant's failure to comply is willful or without lawful excuse." *State v. Sellers*, 61 N.C. App. 558, 560, 301 S.E.2d 105, 106 (1983) (citations omitted). However, our courts have consistently defined the word "willful" as encompassing "more than an intention to do a thing; there must also be purpose and deliberation." 82 N.C. App. 273, 275, 346 S.E.2d 511, 514 (citing *In re Clark v. Jones*, 67 N.C. App. 516, 313 S.E.2d, *disc. rev. denied*, 311 N.C. 756, 321 S.E.2d 128 (1984)).

Applying that definition to this case, defendant's actions, or lack thereof, cannot be considered purposeful and deliberate so as to constitute "willfulness." The fact that defendant sat passively in his car as his niece drove into Mr. Mason's driveway, some 30 feet away from the yard in which Isaac and several other children were playing football, does not amount to him having purposefully and deliberately placed himself in the presence of Isaac or the other children in the yard. Nor does the fact that, while defendant remained passively seated in his car, he exchanged a sentence with Mr. Mason, as Isaac stood by, constitute a purposeful and deliberate intent to be near or around Isaac. The record clearly reveals that although Isaac was

standing near the car during defendant's conversation, Mr. Mason was the one who called Isaac over to the car, not defendant. Significantly, the defendant remained in the car as a passenger at all times until Issac left. Thus, by not taking whatever action at whatever time the majority contemplates would have been appropriate, defendant can only be said to have, at best, "constructively" placed himself in Isaac's presence. Such "constructive" action, however, is not the type of conduct I believe our Supreme Court envisioned when it delineated the rule that a defendant's suspended sentence could only be activated upon a showing of willfulness or a lack of a lawful excuse. If it were, then defendant in this case could have conceivably had his probation revoked simply because he did not do or say something when a child, on his or her own accord, walked or ran near him in a public area, sat around him in a public movie theater, or walked by him in a public mall. Because of the unfairness that could arise from such a result, I vote to reverse the trial court's revocation of defendant's probation.