STATE OF NORTH CAROLINA v. JERMAINE EARL DIXON

No. COA99-721

(Filed 1 August 2000)

## 1. Criminal Law— motion to correct or amend judgment in trial court—record on appeal filed—no prejudice

Although a motion to correct or amend a judgment in order to make it speak the truth is properly made to the appellate court rather than the trial court once the record on appeal has been filed with the appellate court, defendant was not prejudiced by the trial court's error in correcting and amending its judgment revoking defendant's probation after the record on appeal had been filed because: (1) a panel of the Court of Appeals subsequently granted the State's motion to amend the record; and (2) where one panel of the Court of Appeals has decided an issue, a subsequent panel is bound by that precedent unless it has been overturned by a higher court.

## 2. Evidence— hearsay—other testimony

Although defendant alleges that the trial court erred in a probation revocation hearing for an indecent liberties case by admitting unreliable hearsay evidence of the unavailable minor victim's statements to an officer that she was alone with defendant and that the two engaged in sexual relations on 2 January 1999 as basis to conclude that defendant violated the conditions of his probation, defendant was not prejudiced because the court's only

STATE v. DIXON

[139 N.C. App. 332 (2000)]

finding that defendant had contact with the minor victim in violation of a condition of his probation was based on the testimony of an officer who made first-hand observations of defendant and the victim in a motel room on 29 December 1998, and no findings concerned the content of the victim's statement.

### 3. Criminal Law— motion for continuance—absent witness

A defendant who allegedly violated a condition of probation in an indecent liberties case that he not have contact with the minor victim was not entitled to a continuance of his probation revocation hearing to obtain the presence of his brother, who defendant contended was the only witness who could testify whether defendant was actually in the same motel room with the victim and whether defendant's contact with the victim was willful, because: (1) defendant's brother was not an essential witness since the victim was also in the motel room and could testify concerning whether her contact with defendant was willful; (2) defendant presented no evidence as to the victim's unavailability or unwillingness to testify; (3) defendant failed to give the trial court a detailed explanation as to why a delay to secure his brother's testimony was necessary; and (4) an unsworn statement by defendant's attorney that the witness would testify defendant was not involved in the crime was not detailed proof to support a finding of prejudice.

### 4. Probation and Parole— indecent liberties—willful violation

The trial court did not abuse its discretion by concluding that defendant willfully violated a term of his probation that he have no contact with the minor indecent liberties victim, because: (1) the evidence indicates that defendant had contact with the minor victim in a motel room; and (2) defendant presented no evidence demonstrating why he was unable to comply with the condition of his probation prohibiting such contact.

Appeal by defendant from judgment entered 11 February 1999 by Judge L. Oliver Noble in Superior Court, Mecklenburg County. Heard in the Court of Appeals 9 May 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Daniel S. Johnson, for the State.*

*Assistant Public Defender Dean P. Loven for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Jermaine Earl Dixon ("defendant") appeals from the judgment revoking his probation and activating his twenty-one to twenty-six-months prison sentence.

The State presented the following evidence at the revocation hearing. On 1 September 1998, defendant pled guilty pursuant to an *Alford* plea to one felony count of indecent liberties with a minor. The trial court sentenced defendant to a suspended sentence of twenty-one to twenty-six months in prison and imposed thirty-six months of supervised probation with special conditions, which included in pertinent part:

> 19. . . . Have no contact with the victim. Comply with the sex offender conditions of probation. . . .
>
> . . . .
>
> 30. Sex offender conditions[:]
>
> . . . .
>
> (b) The defendant shall not be alone with any minor child below the age of eighteen years of age, unless approved by his probation officer.
>
> (c) The defendant shall not engage in any sexual behavior with any minor child below the age of eighteen years of age.

On 29 December 1998 at 10:00 a.m., in response to an anonymous tip, Officer J. L. Cuddle ("Cuddle") of the Charlotte Mecklenburg Police Department knocked on the door of room 2205 of the Ramada Inn located on Freedom Drive. The victim opened the door. Also present in room 2205 was defendant's brother, Nate Cathcart. When Cuddle asked defendant to show himself, defendant emerged from the bathroom area of room 2205. The victim was fifteen years old at the time.

Cuddle left a message with defendant's probation officer, James Donahue ("Donahue"), regarding a possible violation of the terms of defendant's probation. Donahue met with the victim who told him that she had been with defendant and his brother on 29 December 1998. Based on the 29 December 1998 incident, Donahue submitted a probation violation report dated 6 January 1999 alleging that defendant had violated special conditions 19 and 30(b) of his probation.

Additionally, the victim stated that she had been alone with defendant on 2 January 1999 and had engaged in sexual intercourse with him on that occasion. Donahue submitted an addendum to violation report which was dated 5 February 1999 pertaining to the events of 2 January 1999. In the addendum, Donahue alleged that defendant had violated conditions 30(b) and 30(c) of his probation. Defendant presented no evidence at the revocation hearing.

Following the presentation of evidence and the arguments of counsel, the trial court ruled in open court as follows:

> In this case, **THE COURT FINDS** the defendant was convicted of indecent liberties with a child on September 1, 1998; and, was sentenced to not less than 21 nor more than 26 months.
>
> According to the indictment in the case, the name of the minor child was Lakera Mingo.
>
> Most of the sentence of the defendant was suspended and the defendant was placed on supervised probation.
>
> One of the conditions of his probation was that he have no contact with the victim.
>
> On or about December 29, 1998, the defendant was in a motel room at the Ramada Inn with his brother and Lakera Mingo, age 15. And therefore, had contact with the victim.
>
> The Court makes no other findings with regard to the allegations of either the probation violation or the original probation violation report or the addendum, thereto.
>
> And **THE COURT CONCLUDES AS LAW** that the defendant has, without lawful excuse, violated a lawful condition of his probation.
>
> And I'm going to **ORDER** that his probation be revoked.

The typed "Judgment and Commitment upon Revocation of Probation," dated 11 February 1999, contained the following finding:

> 3. The condition(s) violated and the facts of each violation are as set forth . . . in paragraph(s) 5,6 in the Violation Report or Notice dated 02-05-1999.

Defendant gave notice of appeal to the North Carolina Court of Appeals in open court on 11 February 1999 and the record on appeal was filed on 14 June 1999.

STATE v. DIXON

[139 N.C. App. 332 (2000)]

On 2 August 1999, the State filed a motion for a correction of judgment in the Superior Court, Mecklenburg County, alleging that the recorded judgment contained a clerical error. According to the State, the trial court's "Finding 3" in the typed judgment was inconsistent with the ruling of the trial court in open court, in that the typed judgment referred to the allegations of the 5 February 1999 addendum report. In contrast, in open court, the trial court purported to validate the allegations of the 6 January 1999 report.

Defendant petitioned the North Carolina Court of Appeals for a Writ of Prohibition to prevent the trial court from holding a hearing on the State's motion for correction of judgment. Defendant's petition was denied.

Following a telephone hearing involving Judge Noble, appellate counsel for the State, defendant, and an assistant district attorney, the trial court entered an order on the State's motion for correction of judgment dated 4 August 1999. The order stated in pertinent part:

> 2. The transcript of the probation violation hearing establishes that the undersigned revoked Defendant's probation in open Court based on Defendant's contact with the victim in December of 1998.

> 3. The ruling announced by the undersigned in open Court was intended to rule, and did rule, that Defendant committed the violation described in item 5 of the January 6, 1999 report.

> . . . .

> 5. . . . "Finding 3" as set forth on Side Two of the said Judgment is erroneous and does not accurately recite the actual ruling given by the undersigned in open court.

> . . . .

> 7. It is in the interest of justice that the Judgment and Commitment Upon Revocation of Probation be corrected as set forth herein to accurately record the Court's ruling.

The trial court granted the State's motion for correction of judgment, ordering that the judgment and commitment be corrected and amended to delete the existing "Finding 3" and to insert the following new "Finding 3": "The condition violated and the facts of the violation

**STATE v. DIXON**

[139 N.C. App. 332 (2000)]

are as set forth in paragraph 5 in the Violation Report or Notice dated January 6, 1999."

The State moved in this Court to amend the record on appeal to add the trial court's order. Defendant filed a motion to deny the State's motion to amend the record on appeal and in the alternative to amend the record to include additional assignments of error. This Court granted the State's motion to amend the record on appeal, denied defendant's motion to prevent amendment to the record, and granted defendant's motion to add an additional assignment of error. Defendant's appeal is now ripe for disposition.

------

The issues on appeal are whether the trial court erred by: (I) amending and correcting its judgment and commitment upon revocation of probation based on the State's motion for correction made after the record on appeal was filed; (II) admitting unreliable hearsay evidence and concluding the defendant violated his probation based on that evidence; (III) denying defendant's continuance request; and (IV) determining that defendant willfully violated his probation.

(I)

[1] While defendant concedes that the 11 February 1999 recorded judgment did not reflect the judgment rendered by the trial court in open court, defendant argues that the trial court lacked jurisdiction to correct its judgment after defendant had given notice of appeal and the record on appeal had been filed with this Court. We agree.

As a general rule, the trial court is divested of jurisdiction when a party gives notice of appeal, and pending the appeal, the trial judge is *functus oficio. State v. Davis*, 123 N.C. App. 240, 242, 472 S.E.2d 392, 393 (1996). However, "the trial court retains jurisdiction [over] matters ancillary to the appeal, including settling the record on appeal." *Id.* (citing *inter alia* N.C. Gen. Stat. § 15A-1448(a)(3); N.C. Gen. Stat. § 1453; N.C.R. App. P. 11). Furthermore, "[i]t is universally recognized that a court of record has the inherent power and duty to make its records speak the truth[,] . . . to amend its records, correct the mistakes of its clerk or other officers of the court, or to supply defects or omissions in the record[.]" *State v. Old*, 271 N.C. 341, 343, 156 S.E.2d 756, 757-58 (1967) (citations omitted).

It is the duty of every court to supply the omissions of its officers in recording its proceedings and to see that its record truly sets forth its action in each and every instance; and this it

must do upon the application of any person interested, and without regard to its effect upon the rights of parties, or of third persons; and neither is it open to any other tribunal to call in question the propriety of its action or the verity of its records, as made.

*State v. Cannon*, 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956) (quoting *Walton v. Pearson*, 85 N.C. 34, 48 (1881)). It follows that corrections of the official minutes from the superior court must be made in the superior court. *State v. Accor and State v. Moore*, 276 N.C. 567, 570, 173 S.E.2d 775, 778 (1970).

No lapse of time will divest the trial court of the power to make its record speak the truth, *State v. Cannon*, 244 N.C. at 403, 94 S.E.2d at 342, and it may amend its record for this purpose either in or out of term, *State v. McKinnon*, 35 N.C. App. 741, 743, 242 S.E.2d 545, 547 (1978). When a court amends its records to accurately reflect the proceedings, the amended record "stands as if it had never been defective, or as if the entry had been made at the proper time." *State v. Warren*, 95 N.C. 674, 676 (1886). In other words, the amended order is a *nunc pro tunc* entry.

However, once the case has been docketed in the appellate court, the appellate court acquires jurisdiction over the record. *Lawing v. Lawing*, 81 N.C. App. 159, 171, 344 S.E.2d 100, 109 (1986). As such, after the record on appeal has been filed with the appellate court, the trial court may only amend or correct the record upon a directive from the appellate court:

On motion of any party the appellate court may order any portion of the record on appeal or transcript amended to correct error shown as to form or content. Prior to the filing of the record on appeal in the appellate court, such motions may be made by any party to the trial tribunal.

N.C.R. App. P. 9(b)(5). Therefore, we hold that a motion to correct or amend a judgment in order to make it speak the truth is properly made to the appellate court rather than the trial court once the record on appeal has been filed with the appellate court.

In the present case, the record on appeal was filed with this Court on 14 June 1999. On 2 August 1999, the State filed its motion for correction of judgment in the Superior Court. We find the State improperly moved the trial court to correct its judgment after the record on

appeal had been filed with the appellate court. The trial court did not therefore have the authority to correct its judgment.

Nonetheless, we conclude that defendant was not prejudiced by the trial court's error, because a panel of this Court subsequently granted the State's motion to amend the record on appeal on 12 August 1999. "[W]here one panel of this Court has decided an issue, a subsequent panel is bound by that precedent . . . unless it has been overturned by a higher court." *Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 621, 504 S.E.2d 102, 106 (1998). As such, the order of the trial court which corrected and amended its 11 February 1999 judgment is properly before this panel. Defendant's argument that this panel must rely on the 11 February 1999 judgment alone in rendering its decision must therefore fail.

(II)

[2] Defendant next argues that the trial court erred in admitting unreliable hearsay evidence in violation of his Sixth Amendment rights, and in concluding, based on that evidence, that he violated the conditions of his probation. We are compelled to disagree.

In an interview with Officer Donahue on 29 January 1999, the victim alleged that while alone with defendant on 2 January 1999, the two engaged in sexual relations. Although the victim was absent from trial, Donahue testified concerning the 29 January 1999 interview. Donahue also testified that the victim prepared a written statement containing the substance of her conversation with him and that upon his request, the victim signed the statement. Although the trial court noted that it had "problems, in advance, with the weight of and the reliability" of the victim's statement, the court admitted the evidence over defendant's objection.

In its oral order of 11 February 1999, the court made no findings concerning the content of the statement. Rather the court concluded:

> One of the conditions of [defendant's] probation was that he have no contact with the victim.

> On or about December 29, 1998, the defendant was in a motel room at the Ramada Inn with his brother and Lakera Mingo, age 15. And therefore, had contact with the victim.

> The Court makes no other findings with regard to the allegations of either the probation violation or the original probation violation report or the addendum, thereto.

Thus, the court's only finding, that defendant had contact with the victim, was based on the testimony of Officer Cuddle. Furthermore, Cuddle's testimony was based on his first-hand observations of 29 December 1998, not the victim's statement. Because the court made no findings concerning the content of the victim's statement, we find defendant's assignment of error meritless.

(III)

**[3]** By his next assignment of error, defendant contends that the trial court abused its discretion in denying defendant's motion for a continuance. Defendant further contends that the court's denial of a continuance deprived him of his due process right to present evidence on his behalf. We disagree.

A motion for a continuance is within the sole discretion of the trial court, "and absent a gross abuse of that discretion, the trial court's ruling is not subject to review." *State v. Walls*, 342 N.C. 1, 24, 463 S.E.2d 738, 748 (1995) (citation omitted). However, if the motion raises a constitutional issue, the court's ruling is reviewable on appeal. *Id.*

"Regardless of whether the motion raises a constitutional issue or not, a denial of a motion to continue is only grounds for a new trial when defendant shows both that the denial was erroneous, and that he suffered prejudice as a result of the error . . . ." *Id.* (citation omitted). Furthermore, "[a] motion for continuance must be supported by 'detailed proof' which 'fully establish[es]' the reasons for the delay." *State v. Cody*, 135 N.C. App. 722, 726, 522 S.E.2d 777, 780 (1999) (quoting *State v. Jones*, 342 N.C. 523, 531-32, 467 S.E.2d 12, 17-18 (1996)).

Prior to the revocation hearing, defendant moved for a continuance, arguing that his only witness, his brother Cathcart, was not in attendance. Defendant's attorney stated that the defense needed Cathcart "pretty desperately." The attorney further noted that defendant had spoken with Cathcart prior to the hearing and that Cathcart informed defendant that he knew about the hearing and was planning to attend. The attorney offered his unsigned copy of Cathcart's subpoena to the court and requested that the court issue a bench warrant. Following a bench conference off the record, the trial court denied defendant's motion.

On appeal, defendant argues that Cathcart's presence at the hearing was essential. Defendant contends that Cathcart is the only wit-

ness who could testify to whether defendant was actually in the same room with the victim and whether defendant's contact with the victim was willful. Defendant further argues that he was prejudiced by the court's denial of a continuance because it is "possible that Mr. Cathcart's testimony would have [led] the trial court to conclude it was more likely than not that Defendant was never in the same room as [the victim]."

We find unpersuasive defendant's argument that Cathcart was an essential witness. Another witness, the victim, was also in the motel room and could therefore testify concerning whether her contact with defendant was willful. Defendant presented no evidence below as to the victim's unavailability or unwillingness to testify.

Furthermore, we find that defendant failed to give the trial court a detailed explanation as to why a delay to secure Cathcart's testimony was necessary. In fact, defendant's only clarification of record was his attorney's bare assertion that the defense needed Cathcart "pretty desperately." We further find defendant's explanation on appeal insufficient to establish prejudice. *See e.g., Cody*, 135 N.C. App. at 726, 522 S.E.2d at 780 (finding that an unsworn statement by defendant's attorney that witness would testify defendant " 'wasn't involved, basically' " in crime was not "detailed proof" to support finding of prejudice). Accordingly, this assignment of error is overruled.

(IV)

**[4]** Finally, defendant argues that the trial court erred in concluding that he willfully violated the terms of his probation. With this argument we cannot agree.

"[P]robation revocation hearings are not formal criminal proceedings requiring proof beyond a reasonable doubt." *State v. Tozzi*, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). Rather, "[a]ll that is required is that the evidence be sufficient to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." *State v. White*, 129 N.C. App. 52, 58, 496 S.E.2d 842, 846 (1998) (citation omitted), *aff'd in part*, 350 N.C. 302, 512 S.E.2d 424 (1999).

The State must prove that "defendant's failure to comply was willful or without lawful excuse." *Id.* at 57, 496 S.E.2d at 846 (quoting *State v. Sellars*, 61 N.C. App. 558, 560, 301 S.E.2d 105, 106 (1983)). As

such, defendant's failure to comply alone is not sufficient to support a revocation of probation. *Id.* However, defendant must

> present competent evidence of his inability to comply with the conditions of probation; and that otherwise, evidence of defendant's failure to comply *may* justify a finding that defendant's failure to comply was wilful or without lawful excuse.

*Tozzi*, 84 N.C. App. at 521, 353 S.E.2d at 253 (emphasis added) (citing *State v. Crouch*, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985)).

In the case *sub judice*, the evidence indicates that defendant had contact with the victim in a motel room. Defendant presented no evidence demonstrating why he was unable to comply with the condition of his probation prohibiting such contact. Accordingly, the trial court did not abuse its discretion in finding that defendant violated the terms of his probation and that defendant's noncompliance was "without lawful excuse."

For the reasons stated herein, we find that defendant received a hearing free from prejudicial error. Therefore, we affirm the corrected judgment and commitment upon revocation of probation.

Affirmed.

Judges GREENE and HORTON concur.